IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC 02 2010 ★
BROOKLYN OFFICE

ALBERONYS CUEVAS, on behalf of himself and other similarly situated employees,

Plaintiff,

v.

CITIZENS FINANCIAL GROUP, INC. and RBS CITIZENS, N.A. (d/b/a Citizens Bank),

Defendants.

CIVIL ACTION No. _____

JURY TRIAL DEMANDED

CV10-5582

BLOCK, J.

LEVY M.J

## CLASS ACTION COMPLAINT

Plaintiff Alberonys Cuevas ("Plaintiff"), on behalf of himself and other similarly situated employees, brings this class action lawsuit against Defendants Citizens Financial Group, Inc. and RBS Citizens, N.A. (d/b/a Citizens Bank) (collectively "Defendants"), seeking all available relief under the New York Labor Law Article 19 §§ 650 *et seq.* ("New York Labor Law") and the supporting New York State Department of Labor Regulations. Plaintiff's New York Labor Law claim is asserted as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's New York Labor Law claim is proper under 28 U.S.C. § 1332(d) because a member of the proposed class is a citizen of a different state than one of the defendants and the matter in controversy exceeds the sum of $5,000,000.00 exclusive of interest and costs.

2. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an individual residing in West Hempstead, New York.

4. Defendant Citizens Financial Group, Inc. ("CFG") is a financial holding company and a Delaware Corporation doing business in the state of New York. CFG's principal place of business is located at One Citizens Plaza, Providence, Rhode Island.

5. Defendant RBS Citizens, N.A. is a corporate entity headquartered at One Citizens Plaza, Providence, Rhode Island.

6. Defendant RBS Citizens, N.A. is a wholly-owned bank subsidiary of CFG that jointly operates approximately 226 retail bank branches with CFG under the "Citizens Bank" brand throughout New York.

7. Defendants CFG and RBS Citizens, N.A. are collectively referred to herein as "Defendants."

8. Defendants are engaged in the interstate commerce and/or in the production of goods for commerce.

9. Defendants, individually and collectively, have employed thousands of employees engaged in interstate commerce.

10. Defendants are establishments engaged in related activities performed through a unified operation or common control for a common business purpose.

11. Defendants have gross operating revenues well in excess of $500,000.00.

## FACTS PERTAINING TO PLAINTIFF

12. Plaintiff seeks recovery for the period in which he was employed by Defendants from approximately March 2009 until June 2009 and from approximately September 2009 until December 2009. Throughout this time, Plaintiff was assigned to Defendants' Freeport, New

2

York branch as an Assistant Branch Manager ("ABM"). The following factual allegations pertain to Plaintiff's employment during this time period as an ABM.

13. Plaintiff's primary duties did not include managing either his assigned branch or any department or subdivision thereof.

14. Plaintiff spent the great majority of his time performing the same duties as hourly personal bankers and tellers. These duties included, *inter alia*, opening new accounts, sales calls and related duties, servicing bank customers and performing basic, non-managerial bank teller duties.

15. Plaintiff did not have the authority to hire or fire other employees and did not make any suggestions or recommendations as to the hiring, firing, advancement, promotion or other change of status of employees.

16. Plaintiff did not perform job evaluations of other employees.

17. Plaintiff did not have the authority to set or adjust other employees' rates of pay or hours of work.

18. Plaintiff did not customarily and regularly direct the work of two or more employees.

19. Plaintiff did not have the authority to allow hourly employees to work overtime.

20. Plaintiff did not perform work directly related to the management or general business operations of Defendants or Defendants' customers.

21. Plaintiff did not exercise discretion or independent judgment with respect to matters of significance.

22. Plaintiff did not make any decisions regarding the branch's financial budget such as planning or controlling the branch's budget.

23. Plaintiff was paid a weekly salary.

24. Plaintiff often worked in excess of 40 hours per workweek. In particular, Plaintiff currently estimates that he worked 50-55 hours during a typical workweek as an ABM.

25. Defendants denied Plaintiff any compensation for hours worked over 40 during the workweek.

## FACTS PERTAINING TO DEFENDANTS

26. In addition to Plaintiff, Defendants employ hundreds of ABMs at their Citizens Bank branch locations throughout the State of New York.

27. Regardless of branch location, Defendants' New York ABMs are paid a salary.

28. Regardless of branch location, Defendants' New York ABMs regularly work in excess of 40 hours per week.

29. Regardless of branch location, Defendants' New York ABMs receive no compensation for hours worked over 40 during the workweek.

30. Regardless of branch location, Defendants' New York ABMs work pursuant to companywide practices and procedures that strictly limit their ability to perform meaningful executive or administrative functions within the branch locations.

31. Regardless of branch location, Defendants' New York ABMs were classified by Defendants as exempt from the overtime requirements of the New York Labor Laws.

32. Defendants have acted willfully and with reckless disregard of clearly applicable provisions by failing to compensate Plaintiff and the class members for hours worked in excess of 40 during the workweek and, with respect to such hours, failing to compensate Plaintiff and other New York ABMs based upon the overtime premium pay rate of one and one-half times their regular hourly pay rate.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings his New York Labor Law claim as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following class (the "Class"):

> All Assistant Branch Managers employed at Citizens Bank retail branches in the state of New York during any workweek since December 1, 2004 who were paid a salary and classified by Defendants as exempt from the New York Labor Law's overtime pay mandates.

34. Class action treatment of Plaintiff's claim is appropriate because, as alleged in paragraphs 35-39 *infra*, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

35. The Class includes over two hundred individuals and, as such, is so numerous that joinder of all Class members is impracticable.

36. Plaintiff is a member of the Class, and his claim is typical of the claims of other Class members. For example, Plaintiff and the Class members share an identical legal and financial interest in obtaining a judicial finding that Defendants violated the New York Labor Law when it failed to pay them overtime compensation for hours worked over 40 in a single workweek. Plaintiff has no interests that are antagonistic to or in the conflict with the Class's collective interest in obtaining such a judicial finding.

37. Plaintiff will fairly and adequately represent the interests of the Class, and he has retained competent and experienced counsel who will effectively represent the interests of the Class.

38. Questions of law and fact are common to the class, because Plaintiff and the Class have been subjected to the common business practices described in paragraphs 26-32 *supra*, and the success of their claims depends on the resolution of common questions of law and fact. Common questions of law include, *inter alia*, whether, Defendants' company-wide practice of

paying New York ABMs at their retail branches a salary and classifying them as exempt from overtime compensation violated the New York Labor Law Article 19, §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142.

39. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact, as referenced in paragraph 38 *supra*, predominate over any questions affecting only individual Class members. In the absence of class litigation, such common questions of law and fact would need to be resolved in multiple proceedings, making class litigation superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I

40. All previous paragraphs are incorporated as though fully set forth herein.

41. At all relevant times, Plaintiff and the members of the Class were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

42. Defendants willfully violated Plaintiff's rights and the rights of the Class by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Labor Law and its regulations. *See* 12 N.Y.C.R.R. § 142-2.2.

43. Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and the Class. *See* New York Labor Law § 661.

44. Defendant's New York Labor Law violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

45.     Due to Defendants' New York Labor Law violations, Plaintiff and the Class are entitled to recover from Defendants their unpaid overtime wages and liquidated damages and penalties, including, reasonable attorneys' fees, pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other Class members, seeks the following relief:

A.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

B.     A declaratory judgment that the practices complained of herein are unlawful under the New York Labor Law;

C.     An injunction prohibiting Defendants from engaging in the unlawful conduct alleged herein;

D.     An award of unpaid wages for overtime compensation due under the New York Labor Law;

E.     An award of liquidated damages and penalties as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law;

F.     Pre-judgment and post-judgment interest, litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G.     Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

Date: December 1, 2010

_[signature]_

Peter Winebrake (E.D.N.Y. Bar No. PW0426)
R. Andrew Santillo (*pro hac vice admission anticipated*)
Mark J. Gottesfeld (*pro hac vice admission anticipated*)
THE WINEBRAKE LAW FIRM, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Phone: (215) 884-2491
Fax: (215) 884-2492
Email: pwinebrake@winebrakelaw.com
       asantillo@winebrakelaw.com
       mgottesfeld@winebrakelaw.com

Brendan J. Donelon (*pro hac vice admission anticipated*)
DONELON, P.C.
802 Broadway, 7th Floor
Kansas City, Missouri 64105
Phone: (816) 221-7100
Fax: (816) 472-6805
Email: brendan@donelonpc.com

Daniel W. Craig (*pro hac vice admission anticipated*)
DONELON, P.C.
1125 Grand Blvd., Ste. 900
Kansas City, MO 64106
Phone: (816) 221-7772
Fax: (816) 283-3823
Email: DCraig@DanCraigPC.com

*Attorneys for Plaintiff and the Class*