<u>**SETTLEMENT**</u> STIPULATION

This Settlement Agreement is made by and between the Class Representatives (as defined below) and Citizens (as defined below) to fully and completely settle the following actions (collectively the "Wage-Hour Lawsuits"):

*Bell, et al. v. Citizens Financial Group Inc., et al.* (E.D.N.Y. No. 1:12-cv-3871) (former W.D. Pa. No. 2:10-cv-00320) (Third Circuit No. 13-2421) (hereinafter "*Bell*");

*Cuevas, et al. v. Citizens Financial Group, Inc., et al.* (E.D.N.Y. No. 1:10-cv-05582) (hereinafter "*Cuevas*");

*Lyons, et al. v. Citizens Financial Group, Inc., et al.* (E.D.N.Y. No. 13-cv-3919) (hereinafter "*Lyons*");

*Martin, et al. v. Citizens Financial Group, Inc., et al.* (E.D.N.Y. No. 13-cv-3871) (hereinafter "*Martin*");

*Ross, et al. v. RBS Citizens, N.A., et al.* (E.D.N.Y. 13-cv-4226) (Seventh Circuit No. 10-3848) (hereinafter "*Ross*"); and

*Watson v. Citizens Bank of Pennsylvania* (E.D.N.Y. No. 13-cv-3917) (former Philadelphia Court of Common Pleas No. 111002902) (hereinafter "*Watson*");

all of which have been consolidated with the *Cuevas* matter for purposes of this settlement.

WHEREAS, in the Wage-Hour Lawsuits, the Class Representatives, on behalf of themselves and other purportedly similarly situated employees, have asserted Wage and Hour Claims (as defined below); and

WHEREAS, Citizens denies that it has committed any wrongdoing or violated any federal, state, or local laws, vigorously disputes the claims asserted in the Wage-Hour Lawsuits, and continues to assert that it has strong and meritorious defenses to such claims; and

WHEREAS, on April 19, 2013, a jury in the *Bell* case returned a verdict in favor of Citizens, and Plaintiffs, as part of the settlement, have stayed their appeal; and

WHEREAS, on April 1, 2013, the United States Supreme Court granted a *certiorari* petition by RBS vacating the Seventh Circuit's decision affirming the Rule 23 class in the *Ross* case and remanding the matter back to the Seventh Circuit; and as part of the settlement the Parties in *Ross* agreed to stay this remand process; and

WHEREAS, on May 29, 2013, the United States Court of Appeals for the Second Circuit vacated the class in the *Cuevas* case and remanded the matter back to the District Court; and as part of the settlement the Parties in *Cuevas* agreed to stay this remand process; and

WHEREAS, on March 27, 2013, the United States District Court for the Eastern District of Pennsylvania decertified the collective action in the *Martin* case; and

1

WHEREAS, in order to avoid the expense and burdens of further litigation and after substantial, arms-length settlement negotiations, the Parties desire to resolve the Wage-Hour Lawsuits

NOW, THEREFORE, the Parties agree as follows:

1.  **Definitions.**  As used in this Agreement, the following terms have the following meanings:

**"Applicable Class Period"** means, for each Settlement Class described in Section 6 below, the time period referenced in Section 6 below.

**"ABM"** means a person who has been employed by Citizens as a salaried-exempt Assistant Branch Manager (a/k/a Assistant Manager).

**"Attorneys' Fees"** means the amount to be paid to Class Counsel pursuant to Class Counsel's motion and subject to the Court's approval and the limitations described in Section 9 below.

**"Citizens"** means RBS Citizens, N.A.; Citizens Financial Group, Inc.; Citizens Bank of Pennsylvania, on behalf of themselves and all Released Parties.

**"Citizens' Counsel"** means Proskauer Rose, LLP.

**"Claims Administrator"** means Class Action Administration, 10875 Dover Street, Suite 300, Westminster, Colorado.

**"Claim Forms"** means the claim forms attached as part of Exhibits A through D.

**"Claim Period"** means the 60-day period beginning immediately after the Claims Administrator mails the Notice Forms and Claim Forms to the Class Members.

**"Class Counsel"** means Donelon, P.C. and Winebrake & Santillo, L.L.C.

**"Class Members"** means the individuals falling within the Settlement Classes, as described in Section 6 below.

**"Class Representatives"** means Justin Bell, Keith Costanza, Alberonys Cuevas, John DePaolantonio, James Kapsa, Christine Lyons, Kevin Martin, Synthia Ross, Mary Ryan, and Christine Watson.

**"Court"** means  the United States District Court for the Eastern District of New York.

 **"Effective Date"** means: (i) if no appeal is taken from the Final Approval Order, thirty-five (35) days after the Court's entry of the Final Approval Order; or (ii) if an appeal is taken from the Final Approval Order, the date on which all such appeals (including, *inter alia*, petitions for rehearing or reargument, petitions for rehearing *en banc*, and petitions for *certiorari* or any other form of review) have been finally disposed and can no longer

2

be appealed or reviewed.

 **"Enhancement Awards"** means the payments to Class Representatives or courtroom/deposition witnesses pursuant to Class Counsel's motion and subject to the Court's approval and the limitations/procedures described in Section 10 below.

**"Final Approval Order"** means the Court's order granting final approval of the Settlement.

**"Final Approval Hearing"** means the final hearing scheduled in front of the Court on the question of whether the settlement, including payment of attorneys' fees, Lawsuit Costs and other expenses and the Enhancement Awards, should be finally approved as fair, reasonable and adequate as to the Class Members.

 **"Gross Settlement Amount"** means the maximum total amount that Citizens can be required to pay under this Agreement.  This amount shall not exceed eleven million five hundred one thousand five hundred dollars ($11,501,500.00).

**"Lawsuit Costs"** means the monies to be paid to Class Counsel for litigation expenses pursuant to Class Counsel's motion and subject to the Court's approval and the limitations/procedures described in Section 9 below, which shall include the costs incurred by the Claims Administrator in administering the Settlement.

**"MOU"** means the May 28, 2013 document executed by the Parties' counsel and entitled "RBS Citizens Bank, N.A. Litigation Memorandum of Understanding–Global Resolution"

 **"Net Settlement Fund"** means eleven million five hundred one thousand five hundred dollars ($11,501,500.00) minus all Court-approved Attorney's Fees, Lawsuit Costs, and Enhancement Awards.

**"Notice Package"** means, for each Class Member, the package compiled by the Claims Administrator and including the Notice Form, Claim Form, and a postage-paid, pre-addressed return envelope that the Class Member may use to return the Claim Form to the Claims Administrator.

**"Notice Forms"** means the notice forms attached as part of Exhibits A through D and Exhibit E.

**"Participating Class Member"** means a Class Member who submits a Valid Claim Form.

**"Participating Class Member Payment"** means, for each Participating Class Member, his her individual settlement payment, as described in Section 7 below.

**"Parties"** means Citizens and Class Representatives.

**"Preliminary Approval Date"** means the date the Preliminary Approval Order is

entered by the Court.

**"Preliminary Approval Order"** means the Court's order preliminarily approving this Settlement, which the Parties shall request be substantially in the form attached as Exhibit F.

**"QSF"** means the Qualified Settlement Fund established and administered by the Claims Administrator.

**"Released Parties"** means RBS Citizens, N.A.; Citizens Financial Group, Inc.; Citizens Bank of Pennsylvania, their parents, divisions, affiliates, subsidiaries, predecessors, successors, directors, partners, principals, officers, members, fiduciaries, trustees, insurers, employees, attorneys, and agents.

**"Rule 23"** means Federal Rule of Civil Procedure 23.

**"Settlement"** means the terms described in this Agreement.

**"Settlement Classes"** means the groupings of Class Members described in Section 5 below.

**"Valid Claim Form"** means a completed and signed Claim Form that satisfies the requirements described in Section 13(b) below.

**"Wage and Hour Claims"** means any and all suits, actions, causes of action, claims, or demands based on alleged violations of the FLSA or any state or local law including, but not limited to, employees' hours of work or payment of wages (including overtime wages), that were alleged or could have been alleged in the Wage-Hour Lawsuits.

2.  **Maximum Settlement Amount.**  Defendants will pay the maximum settlement amount of eleven million five hundred one thousand five hundred dollars ($11,501,500.00) to resolve the Wage-Hour Lawsuits ("Gross Settlement Amount").

3.  **No Admission of Liability and No Concession as to the Merits.**  Citizens denies that it violated the law in any manner alleged in or related to the Wage-Hour Lawsuits.  The Parties enter into this Agreement to avoid the risks, uncertainty, expense and burden of further litigation.  This Settlement shall not be construed or deemed to be an admission of liability, culpability, negligence, or wrongdoing on the part of Citizens.

4.  **Process for Preliminary Approval of Settlement**.  Within twenty (20) days of the complete execution of this Settlement Stipulation, the Parties shall submit to the Court all papers necessary to obtain preliminary approval of this Settlement and class certification (for the sole purpose of settlement) of any Settlement Classes not already certified as class actions pursuant to Rule 23.

5.  **Transfer of Wage-Hour Lawsuits.**  As part of this Settlement, Class Counsel has effectuated the transfer of the Wage-Hour Lawsuits to be consolidated with *Cuevas*.  If, for any reason, the Effective Date does not occur, the Parties shall jointly request that the

4

Court return each Wage-Hour Lawsuit to the respective court from which it was transferred and, in turn, *Watson* being remanded back to its originating state court after dismissal of the Fair Labor Standards Act claim alleged in that action.

6.    **Settlement Classes.**  The "Settlement Classes" are defined as follows:

"***Ross* FLSA Hourly Group"**:  All individuals who were employed by Citizens, paid on an hourly basis, and timely opted-in to the FLSA class in *Ross*.

"***Ross* FLSA ABM Group"**:  All individuals who were employed by Citizens as ABMs and timely opted-in to the FLSA class in *Ross*.

"***Ross* Rule 23 Hourly Class"**:  All individuals, other than members of the *Ross* FLSA Hourly Group, employed by Citizens, paid on an hourly basis, and assigned to a retail branch location in Illinois during any workweek since October 23, 2006, and who have not previously excluded themselves from such class.

"***Ross* Rule 23 ABM Class"**:  All individuals, other than members of the *Ross* FLSA ABM Group, employed by Citizens as ABMs and assigned to a retail branch location in Illinois during any workweek since October 23, 2006, and who have not previously excluded themselves from such class.

"***Bell* Group"**:  All individuals who opted-in to *Bell* as agreed upon by the Parties.

"***Cuevas* Class"**:  All individuals, other than members of the *Bell* Group, employed by Citizens as ABMs and assigned to a retail branch location in New York during any workweek since December 1, 2004.

"***Lyons* Class"**:  All individuals, other than members of the *Bell* Group, employed by Citizens as ABMs and assigned to a retail branch location in Massachusetts during any workweek since July 5, 2009 and who have not previously excluded themselves from such class.

"***Martin* Group"**:  All individuals who opted-in to *Martin*.

"***Watson* Class"**:  All individuals, other than members of the *Bell* Group, employed by Citizens as ABMs and assigned to a retail branch location in Pennsylvania during any workweek since October 28, 2008.

Nothing herein prohibits an individual from being a member of more than one group or class defined in Section 6 based on his/her being employed as both an ABM and hourly branch employee during the Applicable Class Period in a Wage-Hour Lawsuit.  As an example, an individual who, during different time periods, worked as both and ABM and as an hourly branch employee, might be a member of both the *Ross* Rule 23 ABM Class and the *Ross* Rule 23 Hourly Class.

7. **Determining the Participating Class Member Payments.**  Within fourteen (14) days of the Final Approval Order, the Claims Administrator will determine the Participating Class Member Payments by dividing the Net Settlement Fund ("NSF") as follows:

(a)     Each Participating Class Member ("PCM") within the *Ross* FLSA Hourly Class and the *Ross* Rule 23 Hourly Class (collectively the "*Ross* Hourly Classes"), shall be entitled to a Participating Class Member Payment ("PCMP") to be determined based on the following formula:  PCMP = [NSF X .22] X [Gross Compensation Received by PCM during Applicable Class Period / Total Gross Compensation Received by All Members of the *Ross* Hourly Classes during the Applicable Class Periods].

(b)     Each Participating Class Member ("PCM") within the *Ross* FLSA ABM Class shall be entitled to a Participating Class Member Payment ("PCMP") to be determined based on the following formula:  PCMP = [NSF X .06] X [Gross Compensation Received by PCM during Applicable Class Period / Total Gross Compensation Received by All Members of the *Ross* FLSA ABM Class during the Applicable Class Periods].

(c)     Each Participating Class Member ("PCM") within the *Bell* Group shall be entitled to a Participating Class Member Payment ("PCMP") to be determined based on the following formula:  PCMP = [NSF X .02] X [Gross Compensation Received by PCM during Applicable Class Period / Total Gross Compensation Received by All Members of the *Bell* Group during the Applicable Class Periods].

(d)     Each Participating Class Member ("PCM") within the *Ross* Rule 23 ABM Class, the *Cuevas* Class, the *Watson* Class, and the *Lyons* Class (collectively the "Rule 23 ABM Classes") shall be entitled to a Participating Class Member Payment ("PCMP") to be determined based on the following formula:  PCMP = [NSF X .64] X [Gross Compensation Received by PCM during Applicable Class Period / Total Gross Compensation Received by All Members of the Rule 23 ABM Classes during the Applicable Class Periods].

(e)     Each Participating Class Member ("PCM") within the *Martin* Group shall be entitled to a Participating Class Member Payment ("PCMP") to be determined based on the following formula:  PCMP = [NSF X .06] X [Gross Compensation Received by PCM during Applicable Class Period / Total Gross Compensation Received by All Members of the *Martin* Group during the Applicable Class Periods.]

8. **Funding the QSF.**   Within two (2) business days after the Effective Date, or as soon thereafter as is commercially reasonable to comply with the Claims Administrator's instructions, Citizens shall deposit the Gross Settlement Amount into the QSF pursuant to the Claims Administrator's instructions.

9. **Attorneys' Fees and Lawsuit Costs.**

(a)     Class Counsel intends to file with the Court a petition or motion seeking the Court's approval for the payment of 33 1/3% of the Gross Settlement Amount for Attorney's Fees after the deduction of Lawsuit Costs which shall not exceed $550,000.  The Lawsuit Costs and Attorney's Fees awarded to Class Counsel shall be at the sole discretion of the Court, and this Settlement is not contingent upon the Court's approval of such Lawsuit Costs and/or Attorney's Fees. Citizens shall not oppose Class Counsel's petition or motion for the recovery of Lawsuit Costs and Attorney's Fees, subject to the limitations herein.

(b)     Any Attorneys' Fees and Lawsuit Costs awarded by the Court in connection with this Settlement shall be paid by the Claims Administrator to Class Counsel within seven (7) days after the Effective Date.

(c)     Payments made pursuant to this Section shall be reported to all governmental taxing authorities by the Claims Administrator on IRS Form 1099s.

**10.    Enhancement Awards.**

(a)     Class Counsel intends to file with the Court a petition or motion seeking the Court's approval for the payment from the Gross Settlement Amount of certain Enhancement Awards of up to $7,500.00 for each Settlement Class Representative and up to $1,500.00 for any other individual who provided deposition or courtroom testimony in relation to any Wage-Hour Lawsuit.  Such Enhancement Awards shall be at the sole discretion of the Court, and this Settlement is not contingent upon the Court's approval of such Enhancement Awards.  Citizens shall not oppose Class Counsel's petition or motion for the payment of such Enhancement Awards, subject to the limitations herein.

(b)     Any Enhancement Awards approved by the Court in conjunction with the Settlement shall be paid from the QSF and shall be in addition to the Participating Class Member Payments otherwise owed to each recipient.  Enhancement Awards shall be distributed by the Claims Administrator in separate checks mailed within seven (7) days after the Effective Date.

(c)     Payments made pursuant to this Section shall be reported to all governmental taxing authorities by the Claims Administrator on IRS Form 1099s.

11. **Claims Administrator.** Class Counsel has retained the Claims Administrator, who shall serve as the administrator of the Settlement and perform the services described in this Agreement. The Parties, through their counsel, will cooperate in good faith to resolve any disputes regarding the Claims Administrator's ability or need to perform certain duties under this agreement, and any unresolved disputes shall be referred to the Court. The Claims Administrator will independently review the Claim Forms and documentation, based on Defendants' records in accordance with this Settlement Stipulation. The Claims Administrator shall report, in summary or narrative form, the substance of its findings. The Claims Administrator shall be granted reasonable access to Defendants' records regarding the Class Members in order to perform its duties.

12. **Notices Mandated by Statute**. Within seven (7) days after the Preliminary Approval Date, the Claims Administrator shall prepare and mail notices of the Settlement to all "Appropriate Federal Officials" and "Appropriate State Officials" as required by 28 U.S.C. § 1715.

13. **Notice and Claim Process.**

    (a)   Form of Notice: Notice to each respective class member shall inform them of the settlement, the claims they are releasing, and their anticipated settlement payment. The notice process shall include a reminder function as well as skip tracing for returned mailings and for persons who do not respond with a claim form. The Parties will work cooperatively with the Claims Administrator to determine the content of the notice that is suitable to both parties. Additionally, Defendants shall have the right to send its own notice to members of the *Cuevas* Class, *Lyons* Class, *Watson* Class, *Ross* Rule 23 Hourly Class, and the *Ross* Rule 23 ABM Class, and to otherwise communicate with class members consistent with its Notice. Defendants will submit their Notice for approval by the court. Plaintiffs shall have the opportunity to object to Defendants' notice.

    (b)   Mailing of the Notice Package. Within twenty-eight (28) days of the execution of this Agreement, the Parties shall provide to the Claims Administrator a confidential list containing the names and last known addresses for all Class Members. Within twenty-one (21) days after the Preliminary Approval Date, the Claims Administrator will send by first class mail the appropriate Notice Package to each Class Member.

    (c)   Claims-Made Process. The proceeds of the Net Settlement Fund shall be disbursed under a claims-made process. Class Members will participate in the settlement by submitting a Valid Claim Form.

        (i)   In order to be a Valid Claim Form, the Claim Form must be completed as instructed on the Claim Form, signed, dated, and postmarked or otherwise returned (via, for example, telefax or e-mail) to the Claims Administrator within the Claim Period. Excluding Claim Forms not returned in a timely fashion, if a Claim Form is returned to the Claims Administrator that is not completed as described above, within five (5) days of its receipt, the

Claims Administrator shall send a notice to this Class Member of the effects and a new claim form to be completed.

(ii)     Class Members who do not return a Valid Claim Form to the Claims Administrator in compliance with this Section will have released their claims against Citizens as described in Section 15 below and waived any right to receive any payment associated with the Settlement, unless that Class Member excludes themselves as described in Section 13(i).

(d)     <u>Reminder Mailings.</u>  Twenty-one (21) days after the original mailing of the Notice Package, the Claims Administrator will send by first class mail to all Class Members who have not returned a Valid Claim Form a postcard substantially in the form attached as Exhibit G.

(e)     <u>Returned Notice Packages.</u>  If a Class Member's Notice Package is returned with a forwarding address, the Claims Administrator shall promptly re-mail the Notice Package to the forwarding address.  If a Class Member's Notice Package is returned without a forwarding address, the Claims Administrator shall perform a standard Level 2 Skip Trace in the manner that the Claims Administrator customarily performs skip traces in an effort to determine the Class Member's current address, and, to facilitate this process, Citizens shall provide the Claims Administrator with the Class Member's social security number, which shall be maintained inn strict confidence.  If a new address is obtained, the Claims Administrator will promptly re-mail the Notice Package to the Class Member.  If a new address is not obtained from the U.S. Post Office or through a standard Level 2 skip tracing, the Claims Administrator shall notify the Parties' Counsel, who will confer in good faith, on a case-by-case basis, regarding whether to instruct the Claims Administrator to conduct further traces.  Whenever a Notice Package is remailed within fourteen (14) days prior to the end of the Claim Period, the recipient Class Member shall have fourteen (14) days from the mailing date to postmark or return his/her Claim Form.

(f)     <u>No Claim Form Filed.</u>  Thirty-five (35) days after the original mailing of the Notice Package, the Claims Administrator shall conduct the Skip Trace described in Section 13(e), for any Class Member who has not returned a Claim Form.

(g)     Class Counsel shall provide to the Court, at least five (5) business days prior to the Final Approval Hearing, a declaration by the Claims Administrator of due diligence and proof of mailing with regard to the mailing of the Notice, Claim Form and Request for Exclusion Form.

(h)     <u>Objecting to the Settlement.</u>  Class Members within the *Ross* Rule 23 ABM Class, the *Ross* Rule 23 Hourly Class, the *Cuevas* Class, the *Lyons* Class, , and the *Watson* Class may object to the Settlement by following the instructions described in the pertinent Notice Form.  In order to be valid, an objection must be postmarked or otherwise returned (via, for example, telefax or e-mail) to the Claims Administrator within the Claim Period.  Seven (7) days after the close of

9

the Claim Period, the Claims Administrator shall send to the Parties' Counsel copies of all objections, and Class Counsel shall promptly file such objections with the Court.  In the event a Class Member disputes the settlement formula under this Settlement Stipulation or the information on the pre-printed Claim Form, Defendants' regularly maintained records and the formula set forth in Paragraph 1 ("Net Settlement Fund") above shall be deemed to control.

(i)     Exclusions from the Settlement.  Class Members within the *Ross* Rule 23 ABM Class, the *Ross* Rule 23 Hourly Class, the *Cuevas* Class, the *Lyons* Class, and the *Watson* Class may exclude themselves from the Settlement by following the instructions described in pertinent Notice Form.  In order to be valid, an exclusion must be postmarked or otherwise returned (via, for example, telefax or e-mail) to the Claims Administrator within the Claim Period.  Seven (7) days after the close of the Claim Period, the Claims Administrator shall send to the Parties' Counsel copies of all exclusions, and Class Counsel shall promptly file such exclusions with the Court.

(j)     Payments to Participating Class Members.

(i)     Within twenty-one (21) days after the Effective Date, the Claims Administrator shall mail to each Participating Class Member checks written from the QSF's bank account(s) and equaling his/her Participating Class Member Payment.  Fifty percent (50%) of the Participating Class Member Payment shall be in the form of a non-payroll check from which no payroll taxes or withholdings shall be made.  This payment will be reflected in an IRS 1099 Form issued by the Claims Administrator to the Participating Class Member at the end of the tax year.  The remaining fifty percent (50%) of the Participating Class Member Payment shall be in the form of a payroll check from which the Claims Administrator shall withhold all taxes and withholdings ordinarily borne by employees.

(ii)    Absent other instructions, the above settlement checks issued pursuant to this Section will be mailed by the Claims Administrator to the Participating Class Member at the address listed on the Participating Class Member's Notice Form.  If a Participating Class Member's settlement checks are returned with a forwarding address, the Claims Administrator shall promptly re-mail the Notice Package to the forwarding address.  If a Participating Class Member's settlement checks are returned without a forwarding address, the Claims Administrator will perform a standard Level 2 Skip Trace in the manner that the Claims Administrator customarily performs skip traces in an effort to determine the Participating Class Member's current address, and, to facilitate this process, Citizens shall provide the Claims Administrator with the Participating Class Member's social security number, which shall be maintained in strict confidence.  If a new address is obtained, the Claims Administrator will promptly re-mail the settlement checks to the Class Member.  If a new address is not obtained from the U.S. Post Office or through a standard

Level 2 skip tracing, the Claims Administrator shall notify the Parties Counsel, who will confer in good faith, on a case-by-case basis, regarding whether to instruct the Claims Administrator to conduct further traces.

(iii) If a Participating Class Member reports that his/her settlement checks were lost, stolen, or undelivered, the Claims Administrator shall promptly issue a stop payment order on the original checks and issue new checks to such Participating Class Member.

(iv) The settlement checks will expire ninety (90) days after they are mailed and the unclaimed funds shall revert to Citizens.

(v) The Claims Administrator shall report to Citizens all checks mailed and cashed, and the dates thereof.

(k) Payroll Taxes.  The Claims Administrator shall pay both the employer's and employee's share of payroll taxes to federal and state taxing authorities as required.  All such payments shall be made using the tax identification number of the QSF, which the Claims Administrator shall obtain.  The Claims Administrator shall report to Citizens the amounts paid to each Participating Class Member and its calculation of the payroll taxes due, and Citizens shall pay into the QSF such amounts in excess of the Gross Settlement Amount as may be necessary to satisfy the employer's share of payroll taxes due.  Notwithstanding the foregoing, if in the judgment of the Claims Administrator any payroll taxes due as a result of payments to a Participating Class Member are required to be paid using a Citizens tax identification number, then the Claims Administrator shall inform Citizens of that opinion and of the amounts paid to the Participating Class Member, and Citizens, not the Claims Administrator, shall make all payroll tax payments with respect to that Participating Class Member.

(l) Reversion.  Within ten days after the expiration of the 90-day period specified in Section 13(j)(iv) the Claims Administrator shall return any funds remaining in the QSF to Citizens.

14. **Settlement Payments Do Not Trigger Additional Benefits.**  All payments to Class Members shall be deemed to be paid to such Class Members solely in the year in which such payments actually are received by the Class Members.  The Parties agree and the Class Members acknowledge that the payments provided for in this Settlement Stipulation are the sole payments to be made to the Class Members, and that the Class Members are not entitled to any new or additional compensation or benefits as a result of having received the payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

15. **Release.**  Upon the Effective Date, and except as to such rights or claims as may be created by this Stipulation of Settlement, each Class Member who has not submitted a valid and timely Request for Exclusion Form on their behalf as set forth in Section 13(i),

and on behalf of their respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge the Released Parties and their present and former officers, directors, members, managers, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them, ("Releasees") from any and all Wage and Hour Claims, claims, debts, wages, overtime, commission, losses, demands, obligations, liabilities, penalties, liquidated damages, causes of action, charges, grievances, complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected, from the date of the earliest statute of limitations until the Preliminary Approval Date, for violations of any federal, state or local wage and hour law, for the failure to provide wages and/or overtime pay, liquidated damages, any other penalties, and any other claims whatsoever alleged or that could have been made based upon the facts alleged in the complaints in any of the Wage-Hour Lawsuits, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, overtime, penalties of any nature whatsoever, other compensation or benefits including 401(k) benefits or matching benefits, retirement or deferred compensation benefits claims on account of unpaid wages and/or overtime, attorneys' fees and costs, whether known or unknown, arising from the Class Members' employment by Defendants.  In addition, each Class Member who has not properly excluded themselves from the Settlement pursuant to Section 13(i) above forever agrees not to institute or receive any other relief from any other suit or, administrative claim or other claim of any sort or nature whatsoever against the Released Parties, up to and including the date of preliminary approval of this Settlement, relating to the claims being settled herein.  In addition, the Class Members who have not properly excluded themselves from the Settlement pursuant to Section 13(i) above forever agree that they shall not institute, nor accept any other relief from, any other suit, administrative claim or other claim or proceeding of any sort or nature whatsoever against the Released Parties, relating to the claims being released herein for any period up to and including the Preliminary Approval Date.

16.     **Settlement Contingent on Court Approval.**

This Agreement is contingent upon the Court's approval of the Settlement.  If the Court refuses to grant Preliminary or Final Approval or the Effective Date does not occur, this Agreement may be voided at either party's option, in which case this Agreement (including Exhibits) and the predecessor MOU will become void and will not be used for any purpose in connection with any further litigation in the Wage-Hour Lawsuits or any other lawsuit, administrative or other legal proceeding, claim, investigation, or complaint, except that the non-disclosure obligations in Section 17 below will remain in effect.

17.     **Non-Disclosure and Communications.**

(a)     Neither the Parties nor their counsel will contact the media or utilize any social media regarding this Settlement or its terms.  If contacted regarding this Settlement, the Parties' counsels' response can be "no comment" or will be

limited solely to words to the following effect:  "The matter has been resolved to the satisfaction of all parties."

(b)      Plaintiffs' Counsel confirms that they have removed any reference from their website and any promotional material about the Wage-Hour Lawsuits.

(c)      Nothing in this Agreement shall prevent Citizens from filing any required regulatory disclosures regarding the Wage-Hour Lawsuits or complying with its obligations under the law.

(d)      Class Representatives and Class Counsel will promptly notify Citizens' Counsel of any third-party demand that they disclose information pertinent to this Settlement.

18.     **Return of Documents/Data.**   Plaintiffs' Counsel agrees to maintain all documents produced by the Defendants in the Wage-Hour Lawsuits for five years from the date of thise agreement.  At that time, Plaintiffs' Counsel agrees to destroy said documents.

19.     **Mutual Full Cooperation.**  The Parties will fully cooperate with each other and with the Claims Administrator to accomplish the terms of this Agreement, including but not limited to, the preparation and execution of documents necessary to implement this Agreement.  The Parties will use their best efforts to effectuate this Agreement, including during any appeals, and will use their best efforts to obtain the Court's approval of the Settlement and to defend the Settlement from any legal challenge.

20.     **Complete Agreement.**  No representation, promise, or inducement has been offered or made to induce any Party to enter into this Agreement, which contains the entire, complete, and integrated statement of all Settlement terms and supersedes all previous oral or written agreements (including the MOU).  This Agreement may not be amended or modified except by a writing signed by the Parties' authorized representatives.

21.     **Knowing and Voluntary Agreement.**  The Parties enter into this Agreement knowingly, voluntarily, and with full knowledge of its significance.  The Parties have not been coerced, threatened, or intimidated into signing this Agreement and have consulted with legal counsel regarding the Agreement.

22.     **Notifications and Communications.**  Any notifications or communications made in connection with this Agreement shall be sent to the Parties at the addresses of their respective counsel as follows:

*For the Class Representatives*
 *and Class Members*:

Brendan J. Donelon
DONELON, P.C.
420 Nichols Rd., Ste. 200
Kansas City, MO 64112
Tel: 816-221-7100
Fax: 816-709-1044
brendan@donelonpc.com

Pete Winebrake
Winebrake & Santillo, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Ph:  (215) 884-2491
Fx:  (215) 884-2492
pwinebrake@winebrakelaw.com

*For Citizens:*

Elise Bloom
Mark W. Batten
Proskauer Rose, LLP
Eleven Times Square
New York, NY 10036
Tel: 212-969-3000
Fax: 212-969-2900
ebloom@proskauer.com
mbatten@proskauer.com

23.   **Severability.**  If any part of this Agreement is found to be illegal, invalid, inoperative or unenforceable in law or equity, such finding shall not affect the validity of any other part of this Agreement, which shall be construed, reformed and enforced to affect the purposes thereof to the fullest extent permitted by law.

24.   **Captions and Interpretations.**  Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Stipulation or any provision hereof.  Each term of this Settlement Stipulation is contractual and not merely a recital.

25.   **Binding on Assigns.**  This Settlement Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

26.   **Enforcement of Settlement Agreement and Governing Law.**  This Agreement will be governed by New York law.  The Parties submit to the jurisdiction of the Court for all purposes relating to the review, approval, and enforcement of this Agreement.

27.   **Agreement Form and Construction.**

(a)     The terms and conditions of this Agreement are the result of lengthy, carefully considered, arms-length negotiations between the Parties and this Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Agreement.

(b)     This Agreement may be executed in electronic counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be

14

deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Agreement.

(c)     This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Wage-Hour Lawsuits.

28.     **Parties' Authority.** The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Stipulation and bind the Parties hereto and the Class Members to the terms and conditions thereof.

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Agreement to be signed on the dates entered below;

_____         9/24/2013
Justin Bell                               Date

_____         _____
Keith Costanza                           Date

_____         _____
Alberonys Cuevas                         Date

_____         _____
John DePaolantonio                       Date

_____         _____
James Kapsa                              Date

_____         _____
Christine Lyons                          Date

_____         _____
Kevin Martin                             Date

_____         _____
Synthia Ross                             Date

_____         _____
Mary Ryan                                Date

_____         _____
Christine Watson                         Date

15

deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Agreement.

(c) This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Wage-Hour Lawsuits.

28. **Parties' Authority.** The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Stipulation and bind the Parties hereto and the Class Members to the terms and conditions thereof.

IN WITNESS WHEREOF, the Parties each voluntarily and without coercion have caused this Agreement to be signed on the dates entered below:

| | |
|---|---|
| Justin Bell | Date |
| Keith Costanza | 9/21/2013 <br> Date |
| Alberonys Cuevas | Date |
| John DePaolantonio | Date |
| James Kapsa | Date |
| Christine Lyons | Date |
| Kevin Martin | Date |
| Synthia Ross | Date |
| Mary Ryan | Date |
| Christine Watson | Date |

15

deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Agreement.

(c)    This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Wage-Hour Lawsuits.

28.    **Parties' Authority.**  The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Stipulation and bind the Parties hereto and the Class Members to the terms and conditions thereof.

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Agreement to be signed on the dates entered below:

_____                    _____
Justin Bell                                                 Date

_____                    _____
Keith Costanza                                         Date

_____                    _____
Alberonys Cuevas                                    Date    9/23/2013

_____                    _____
John DePaolantonio                                Date

_____                    _____
James Kapsa                                            Date

_____                    _____
Christine Lyons                                        Date

_____                    _____
Kevin Martin                                           Date

_____                    _____
Synthia Ross                                           Date

_____                    _____
Mary Ryan                                              Date

_____                    _____
Christine Watson                                     Date

15

deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Agreement.

(c) This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Wage-Hour Lawsuits.

28. **Parties' Authority.** The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Stipulation and bind the Parties hereto and the Class Members to the terms and conditions thereof.

**IN WITNESS WHEREOF,** the Parties each voluntarily and without coercion have caused this Agreement to be signed on the dates entered below:

_____        _____
Justin Bell                        Date

_____        _____
Keith Costanza                     Date

_____        _____
Alberonys Cuevas                   Date

_____          9/23/2013
John DePaolantonio                 Date

_____        _____
James Kapsa                        Date

_____        _____
Christine Lyons                    Date

_____        _____
Kevin Martin                       Date

_____        _____
Synthia Ross                       Date

_____        _____
Mary Ryan                          Date

_____        _____
Christine Watson                   Date

15

deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Agreement.

(c)     This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Wage-Hour Lawsuits.

28.     **Parties' Authority.**  The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Stipulation and bind the Parties hereto and the Class Members to the terms and conditions thereof.

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Agreement to be signed on the dates entered below:

_____          _____
Justin Bell                                              Date


_____          _____
Keith Costanza                                       Date


_____          _____
Alberonys Cuevas                                   Date


_____          _____
John DePaolantonio                               Date

_James E. Kapsa_                                    _9/18/2013_
_____          _____
James Kapsa                                           Date


_____          _____
Christine Lyons                                       Date


_____          _____
Kevin Martin                                          Date


_____          _____
Synthia Ross                                          Date


_____          _____
Mary Ryan                                             Date


_____          _____
Christine Watson                                    Date


15

deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Agreement.

(c)     This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Wage-Hour Lawsuits.

28.     **Parties' Authority.**  The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Stipulation and bind the Parties hereto and the Class Members to the terms and conditions thereof.

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Agreement to be signed on the dates entered below:

_____          _____
Justin Bell                                               Date

_____          _____
Keith Costanza                                        Date

_____          _____
Alberonys Cuevas                                    Date

_____          _____
John DePaolantonio                               Date

_____          _____
James Kapsa                                           Date

_____          _____9/16/03_____
Christine Lyons                                       Date

_____          _____
Kevin Martin                                          Date

_____          _____
Synthia Ross                                          Date

_____          _____
Mary Ryan                                             Date

_____          _____
Christine Watson                                    Date

15

deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Agreement.

(c)     This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Wage-Hour Lawsuits.

28.     **Parties' Authority.**  The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Stipulation and bind the Parties hereto and the Class Members to the terms and conditions thereof.

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Agreement to be signed on the dates entered below:

| | |
|---|---|
| Justin Bell | Date |
| Keith Costanza | Date |
| Alberonys Cuevas | Date |
| John DePaolantonio | Date |
| James Kapsa | Date |
| Christine Lyons | Date |
| Kevin Martin | 9.25.13 Date |
| Synthia Ross | Date |
| Mary Ryan | Date |
| Christine Watson | Date |

15

deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Agreement.

(c)     This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Wage-Hour Lawsuits.

**28.     Parties' Authority.** The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Stipulation and bind the Parties hereto and the Class Members to the terms and conditions thereof.

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this Agreement to be signed on the dates entered below:

| | |
|---|---|
| _____ | _____ |
| Justin Bell | Date |
| _____ | _____ |
| Keith Costanza | Date |
| _____ | _____ |
| Alberonys Cuevas | Date |
| _____ | _____ |
| John DePaolantonio | Date |
| _____ | _____ |
| James Kapsa | Date |
| _____ | _____ |
| Christine Lyons | Date |
| _____ | _____ |
| Kevin Martin | Date |

*Synthia H. Ross*

Synthia Ross

9/16/13

Date

| | |
|---|---|
| _____ | _____ |
| Mary Ryan | Date |
| _____ | _____ |
| Christine Watson | Date |

Case 1:10-cv-05582-FB-RML Document 83 Filed 10/03/13 Page 23 of 64 PageID #: 2236

deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Agreement.

(c) This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Wage-Hour Lawsuits.

28. **Parties' Authority.** The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Stipulation and bind the Parties hereto and the Class Members to the terms and conditions thereof.

**IN WITNESS WHEREOF,** the Parties each voluntarily and without coercion have caused this Agreement to be signed on the dates entered below:

_____      _____
Justin Bell                          Date

_____      _____
Keith Costanza                       Date

_____      _____
Alberonys Cuevas                     Date

_____      _____
John DePaolantonio                   Date

_____      _____
James Kapsa                          Date

_____      _____
Christine Lyons                      Date

_____      _____
Kevin Martin                         Date

_____      Date
Synthia Ross

*Mary Ryan*                          *September 23, 2013*
_____      _____
Mary Ryan                            Date

_____      _____
Christine Watson                     Date

15

deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Agreement.

(c)     This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Wage-Hour Lawsuits.

28.     **Parties' Authority.** The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Stipulation and bind the Parties hereto and the Class Members to the terms and conditions thereof.

**IN WITNESS WHEREOF,** the Parties each voluntarily and without coercion have caused this Agreement to be signed on the dates entered below:

_____          _____
Justin Bell                                           Date

_____          _____
Keith Costanza                                   Date

_____          _____
Alberonys Cuevas                             Date

_____          _____
John DePaolantonio                        Date

_____          _____
James Kapsa                                      Date

_____          _____
Christine Lyons                                 Date

_____          _____
Kevin Martin                                     Date

_____          _____
Synthia Ross                                     Date

_____          _____
Mary Ryan                                        Date

_____          _9/24/2013_____
Christine Watson                             Date

15

_____          9-17-13
For Donelon, P.C.                         Date

_____          9/17/13
For Winebrake & Santillo, P.C.            Date

_____          10/1/13
For RBS Citizens, N.A.                    Date

_____          10/1/13
For Citizens Financial Group, Inc.        Date

_____          10/1/13
For Citizens Bank of Pennsylvania         Date

16

# Exhibit A

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

**Notice of Class Action Settlement for**
**Current and Former <u>Assistant Branch Managers</u> working at [*Insert* Citizens Bank/Charter One Bank]**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

***PLEASE READ THIS NOTICE CAREFULLY.***

| **1.   Why did I get this notice package?** |
| --- |

Records indicate that you were employed by RBS Citizens, N.A. and/or Citizens Financial Group, Inc. (hereafter "Citizens") as an Assistant Branch Manager ("ABM") in Illinois, New York, Massachusetts, or Pennsylvania. A number of class actions involving Citizens' ABMs and hourly employees have recently been consolidated for settlement purposes into the following case: ***Cuevas, et al. v. Citizens Financial Group, Inc. et al,* No. 10-cv-5582 (U.S.D.C. E.D.N.Y.)** (hereafter "the Lawsuit"). The Lawsuit is overseen by the United States District Court in Brooklyn, NY.

The Lawsuit has been settled. You are receiving this Notice because you are a Class Member covered by the settlement. This Notice describes the settlement and describes how you can obtain a money recovery from the settlement. This Notice also describes how you can exclude yourself from, or object to the settlement.

| **2.   What is this lawsuit about and why did it settle?** |
| --- |

The Lawsuit, which has been actively litigated for over three years, alleges that Citizens violated wage and hour laws by failing to pay ABMs and hourly employees extra overtime pay for hours worked over 40 per week. Citizens denies violating any laws and contends that its employees are properly paid overtime.

Even though Citizens has a strong defense to the Lawsuit, it has decided to settle. The settlement enables Citizens to dedicate its time and resources to ongoing business operations and, as such, benefits its employees and clients.

Likewise, the employees' attorneys, who are referred to as "Class Counsel," believe the settlement greatly benefits the ABM and hourly class members. Settlement enables the ABM and hourly class members to avoid the risk that Citizens will win the lawsuit, in which case ABMs will recover nothing. Settlement also enables ABM class members to recover money without further delay.

The parties' attorneys negotiated the settlement after years of litigation that has enabled each side to understand the risks of proceeding with adversarial litigation. Class Counsel believe the proposed settlement is fair and serves best interest of the ABM class members. The Federal Judge overseeing the Lawsuit has "preliminarily approved" the settlement as fair. The Federal Judge will make his final decision regarding the settlement's fairness at the hearing described in Section 7 below.

| **3.   What does the settlement provide and how much will I be paid?** |
| --- |

If you elect to recover money under this settlement by returning the enclosed Claim Form, your individual payment will be approximately $_____.  One-half of your settlement amount will be paid in the form of a payroll check from which all ordinary payroll taxes and withholdings will be deducted. This payment will be reported on an IRS Form W2 issued at the end of the tax year. The other half of your settlement amount will be

Page 1 of 4

paid in the form of a non-payroll check from which no payroll taxes or withholdings will be deducted. This payment will be reported on an IRS Form 1099 issued at the end of the tax year.

The Lawsuit's settlement fund is an amount up to $11,501,500. From this settlement fund, Class Counsel will seek to recover out-of-pocket expenditures totaling $527,561.39 and attorney's fees equaling approximately $3,657,979.54 (representing 1/3 of the settlement fund after expenses). The settlement fund also will be reduced by $129,000 in service payments to be divided among the 46 persons who initiated the Lawsuit or testified during the litigation.

The remaining $7,186,959.07 of the Lawsuit's settlement fund is dedicated to payments to ABM and hourly employee class members who return a Claim Form and indicate that they want to receive a payment. Your settlement payment represents your *pro rata* share based on the amount of compensation paid to you as an ABM during the time period relevant to the Lawsuit compared to the compensation paid to other ABM class members during the relevant time period.

| 4.   How can I receive my payment? |
|---|

In order to receive your payment, you must complete and return the attached pink "Claim Form" (preferably in the enclosed postage-paid envelope). **The envelope must be post-marked by[*insert date*].**

If the federal court approves the settlement, the Claims Administrator will send your payment directly to you at the address indicated on the Claim Form. The parties are hopeful that the settlement checks will be issued in the First Quarter of 2014.

| 5.   What am I giving up to receive a payment as a Class member? |
|---|

If the Court grants final approval of the Settlement, the Lawsuit will be dismissed with prejudice and, unless you specifically exclude yourself from the settlement by following the instructions in Section 6 below, you will fully release and discharge Citizens from any and all claims that are asserted in the Lawsuit or that arise from or are related to the facts alleged in the Lawsuit. When claims are "released," that means that a person covered by the release cannot sue the Released Parties for any of the claims that are covered by the Release. The exact terms of the release in the Settlement Agreement are as follows:

> **"Released Parties"** means RBS Citizens, N.A.; Citizens Financial Group, Inc.; Citizens Bank of Pennsylvania, their parents, divisions, affiliates, subsidiaries, predecessors, successors, directors, partners, principals, officers, members, fiduciaries, trustees, insurers, employees, attorneys, and agents.

> **Release**. Upon the Effective Date, and except as to such rights or claims as may be created by this Stipulation of Settlement, each Class Member who has not submitted a valid and timely Request for Exclusion Form on their behalf as set forth in Section 13(i), and on behalf of their respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge the Released Parties and their present and former officers, directors, members, managers, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them, ("Releasees") from any and all Wage and Hour Claims, claims, debts, wages, overtime, commission, losses, demands, obligations, liabilities, penalties, liquidated damages, causes of action, charges, grievances, complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected, from the date of the earliest statute of limitations until the Preliminary Approval Date, for violations of any federal,

state or local wage and hour law, for the failure to provide wages and/or overtime pay, liquidated damages, any other penalties, and any other claims whatsoever alleged or that could have been made based upon the facts alleged in the complaints in any of the Wage-Hour Lawsuits, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, overtime, penalties of any nature whatsoever, other compensation or benefits including 401(k) benefits or matching benefits, retirement or deferred compensation benefits claims on account of unpaid wages and/or overtime, attorneys' fees and costs, whether known or unknown, arising from the Class Members' employment by Defendants.  In addition, each Class Member who has not properly excluded themselves from the Settlement pursuant to Section 13(i) above forever agrees not to institute or receive any other relief from any other suit or, administrative claim or other claim of any sort or nature whatsoever against the Released Parties, up to and including the date of preliminary approval of this Settlement, relating to the claims being settled herein.  In addition, the Class Members who have not properly excluded themselves from the Settlement pursuant to Section 13(i) above forever agree that they shall not institute, nor accept any other relief from, any other suit, administrative claim or other claim or proceeding of any sort or nature whatsoever against the Released Parties, relating to the claims being released herein for any period up to and including the Preliminary Approval Date.

## 6.  How do I exclude myself from this settlement?

You will release your legal claims, as described in Section 5 above, unless you specifically exclude yourself from this settlement. If you exclude yourself, you will not waive any legal claims, and you will preserve your right to sue Citizens on your own for alleged violations of the wage/overtime laws.  If you exclude yourself from the settlement, you will not receive the payment described above.

To exclude yourself from the settlement, you must complete, sign and return the attached green "Request for Exclusion from Class Settlement" form to the Claims Administrator.  You must mail the request for exclusion to [*insert* Claims Administrator address], by First Class U.S. mail or equivalent, postage paid, postmarked on or before [*insert* date].  To be valid, the request for exclusion must be signed by you.  No Class Member may submit a request for exclusion through an agent or attorney or on behalf on another Class Member.

## 7.  Fairness Hearings and Objections?

The Federal Judge presiding over this Lawsuit will conduct a Final Fairness Hearing at _____ [a.m./p.m.] on [*insert date*] in Courtroom __ of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201. At this hearing, the Judge will decide whether the settlement is sufficiently fair and reasonable to warrant final court approval.  You are not required or expected to attend the Fairness Hearing. However, you are welcome to attend at your own expense.

If you wish to object to the proposed settlement, you must submit a written objection to the Claims Administrator, [*insert address*]. The envelope containing your written objection must be postmarked by [*insert date*]. Your written objection must include your name, your address, a statement describing the reasons for your objection, and any other documents you believe the Judge should consider in evaluating the settlement's fairness.

If you return a written objection, the Judge will consider your objection whether or not you attend the Fairness Hearing. If you intend to personally attend and speak during the hearing you should clearly indicate this in your written objection.

| **8.   Are there more details about the settlement?  Questions?** |
|---|

Yes. This Notice summarizes the most important aspects of the proposed settlement. You can get a copy of the written Settlement Agreement by calling the Claims Administrator at [*insert phone number*].

Likewise, please call the Claims Administrator at [*insert phone number*] if you have any questions regarding this Notice.

PLEASE DO NOT CALL THE COURT OR THE CLERK ABOUT THIS SETTLEMENT.

| **7.   Do I have an attorney in this case?** |
|---|

The Court has designated Brendan J. Donelon of Donelon, P.C. (Kansas City, MO) and Peter Winebrake of Winebrake & Santillo, LLC (Dresher, PA) as Class Counsel.  Citizens is represented by Elise M. Bloom and Mark W. Batten of Proskauer Rose LLP (New York, NY and Boston, MA).

You also have the right to get your own attorney at your own expense.

Date: [*insert date*]                                    Approved as to Form and Content:

                                                                   Hon. Frederic Block
                                                                   Senior District Judge
                                                                   United States District Court for the Eastern District of New York

*Cuevas, et al. v. Citizens Financial Group, Inc. et al,* **No.10·cv-5582 (U.S.D.C. E.D.N.Y.)**

<u>**CLASS MEMBER CLAIM FORM**</u>

[*insert* Class Member Name / address ]

**SUBMIT THIS FORM IF YOU WISH TO RECEIVE PAYMENT UNDER THIS SETTLEMENT AND RELEASE YOUR CLAIMS AGAINST CITIZENS**

\* \* \*

In order to receive your portion of the settlement funds as set forth in the attached notice, you MUST sign, date and return this Class Member Claim Form. THE CLASS MEMBER CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [*insert date*].  Any Class Member Claim Form that is not submitted by First Class Mail or the equivalent, is not postmarked after [*insert date*], is not addressed to the proper address, or is not signed and dated by the Class Member under penalty of perjury will <u>not</u> constitute a valid claim and payment will be denied unless otherwise ordered by the Court. For more information on the Settlement and how your share of the settlement funds will be calculated, as well as your rights in connection with the Settlement, please see the attached Notice.

By signing, dating and returning the Class Member Claim Form, you are consenting to become a party to this Lawsuit and agreeing to the release of claims set forth below.

The Class Member Claim Form must be sent to the following address (See enclosed addressed pre-paid envelope):

[*insert* Claims Administrator Address]

BE SURE TO MAKE A COPY OF THE SIGNED CLAIM FORM FOR YOUR RECORDS.

Changes of Address: It is *your responsibility* to keep a current address on file with the Claims Administrator. This is the address that will be used to mail any distribution from the Settlement. Please make sure to notify the Claims Administrator of any change of address.

By signing below, and accepting benefits under the Settlement Agreement, I, on behalf of my current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge the Released Parties, as defined in the attached Notice, and their present and former officers, directors, members, managers, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them, ("Releasees") from any and all Wage and Hour Claims, claims, debts, wages, overtime, commission, losses, demands, obligations, liabilities, penalties, liquidated damages, causes of action, charges, grievances, complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected, from the date of the earliest statute of limitations until the [**insert Preliminary Approval Date**], for violations of any federal, state or local wage and hour law, for the failure to provide wages and/or overtime pay, liquidated damages, any other penalties, and any other claims whatsoever alleged or that could have been made based upon the facts alleged in the Complaint in the Action, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, overtime, penalties of any nature whatsoever, other compensation or benefits including 401(k) benefits or matching benefits, retirement or deferred compensation benefits claims on account of unpaid wages and/or overtime, attorneys' fees and costs, whether known or unknown, arising from my employment by Defendants.  In addition, I forever agree not to institute or receive any other relief from any other suit or, administrative claim or other claim of any sort or nature whatsoever against the Released Parties, as defined in the attached Notice, up to and including [*insert*

**Preliminary Approval Date],** relating to the claims being settled herein.  In addition, I forever agree that I shall not institute, nor accept any other relief from, any other suit, administrative claim or other claim or proceeding of any sort or nature whatsoever against the Released Parties, as defined in the attached Notice, relating to the claims being released herein for any period up to and including **[*insert* Preliminary Approval Date].**

I verify that I have not assigned any of the claims described above.

      I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

      Date: _____, 201_

                                    _____

                                      **Signature**

                                    _____

                                      **Print Name**

*Cuevas, et al. v. Citizens Financial Group, Inc. et al,* **No.10·cv-5582 (U.S.D.C. E.D.N.Y.)**

## REQUEST FOR EXCLUSION FROM CLASS ACTION SETTLEMENT

\* \* \*

**SUBMIT THIS FORM ONLY IF YOU DO NOT WISH TO REMAIN A CLASS MEMBER.
IF YOU SUBMIT THIS FORM, YOU WILL NOT BE LEIGIBLE TO RECEIVE
ANY MONEY FROM THIS SETTLEMENT.**

\* \* \*

[*insert* class member name / address]

_____
Signature

I wish to exclude myself from, or opt out of, the Class Settlement reached in *Cuevas, et al. v. Citizens Financial Group, Inc. et al,* No.10·cv-5582 (U.S.D.C. E.D.N.Y.).  I understand that by opting out, I will be excluded from the Class Settlement and will receive no money from the Settlement.  I understand that if I opt out, I may bring a separate lawsuit.  I understand that in any separate lawsuit, it is possible that I may receive nothing or less than I would have received if I had filed a claim under the settlement in this Lawsuit.  I understand that any separate lawsuit by me will be undertaken at my own expense and at my own risk.  I understand that counsel for the Class Members will not represent my interests if I opt out.

SEND TO THE CLAIMS ADMINISTRATOR AT:

[*insert* Claims Administrator address]

THIS FORM MUST BE MAILED BY U.S. FIRST CLASS MAIL, POSTMARKED NO LATER THAN:

_____, 201_

KEEP A COPY OF THIS FORM FOR YOUR RECORDS.  YOU MAY WISH TO REQUEST A RETURN
RECEIPT FROM THIS POST OFFICE

# Exhibit B

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

**Notice of Class Action Settlement for
Current and Former <u>Hourly Employees</u> working at Charter One Bank**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

***PLEASE READ THIS NOTICE CAREFULLY.***

| 1.   Why did I get this notice package? |
|---|

Records indicate that you were employed by RBS Citizens, N.A. and/or Citizens Financial Group, Inc. d/b/a Charter One Bank (hereafter "Citizens") as an Hourly Employee at one of Citizens bank branches in Illinois. A number of class actions involving Citizens' Hourly Employees and Assistant Branch Managers have recently been consolidated for settlement purposes into the following case: ***Cuevas, et al. v. Citizens Financial Group, Inc. et al, No. 10-cv-5582 (U.S.D.C. E.D.N.Y.)*** (hereafter "the Lawsuit"). The Lawsuit is overseen by the United States District Court in Brooklyn, NY.

The Lawsuit has been settled. You are receiving this Notice because you are a Class Member covered by the settlement. This Notice describes the settlement and describes how you can obtain a money recovery from the settlement. This Notice also describes how you can exclude yourself from, or object to the settlement.

| 2.   What is this lawsuit about and why did it settle? |
|---|

The Lawsuit, which has been actively litigated for over three years, alleges that Citizens violated wage and hour laws by failing to pay its hourly employees extra overtime pay for hours worked over 40 per week. Citizens denies violating any laws and contends that its employees are properly paid overtime.

Even though Citizens has a strong defense to the Lawsuit, it has decided to settle. The settlement enables Citizens to dedicate its time and resources to ongoing business operations and, as such, benefits its employees and clients.

Likewise, the employees' attorneys, who are referred to as "Class Counsel," believe the settlement greatly benefits the hourly class members. Settlement enables the hourly class members to avoid the risk that Citizens will win the lawsuit, in which case the hourly employees will recover nothing. Settlement also enables the class members to recover money without further delay.

The parties' attorneys negotiated the settlement after years of litigation that has enabled each side to understand the risks of proceeding with adversarial litigation. Class Counsel believe the proposed settlement is fair and serves best interest of the hourly employee class members. The Federal Judge overseeing the Lawsuit has "preliminarily approved" the settlement as fair. The Federal Judge will make his final decision regarding the settlement's fairness at the hearing described in Section 7 below.

| 3.   What does the settlement provide and how much will I be paid? |
|---|

If you elect to recover money under this settlement by returning the enclosed Claim Form, your individual payment will be approximately $_____.  One-half of your settlement amount will be paid in the form of a payroll check from which all ordinary payroll taxes and withholdings will be deducted. This payment will be reported on an IRS Form W2 issued at the end of the tax year. The other half of your settlement amount will be

paid in the form of a non-payroll check from which no payroll taxes or withholdings will be deducted. This payment will be reported on an IRS Form 1099 issued at the end of the tax year.

The Lawsuit's settlement fund is an amount up to $11,501,500. From this settlement fund, Class Counsel will seek to recover out-of-pocket expenditures totaling $527,561.39 and attorney's fees equaling approximately $3,657,979.54 (representing 1/3 of the settlement fund after expenses). The settlement fund also will be reduced by $129,000 in service payments to be divided among the 46 persons who initiated the Lawsuit or testified during the litigation.

The remaining $7,186,959.07 of the Lawsuit's settlement fund is dedicated to payments to the hourly employee and Assistant Branch Manager class members who return a Claim Form and indicate that they want to receive a payment. Your settlement payment represents your *pro rata* share based on the amount of compensation paid to you as an hourly employee during the time period relevant to the Lawsuit compared to the compensation paid to other hourly employee class members during the relevant time period.

| **4.   How can I receive my payment?** |
| --- |

In order to receive your payment, you must complete and return the attached pink "Claim Form" (preferably in the enclosed postage-paid envelope). **The envelope must be post-marked by [*insert date*].**

If the federal court approves the settlement, the Claims Administrator will send your payment directly to you at the address indicated on the Claim Form. The parties are hopeful that the settlement checks will be issued in the First Quarter of 2014.

| **5.   What am I giving up to receive a payment as a Class member?** |
| --- |

If the Court grants final approval of the Settlement, the Lawsuit will be dismissed with prejudice and, unless you specifically exclude yourself from the settlement by following the instructions in Section 6 below, you will fully release and discharge Citizens from any and all claims that are asserted in the Lawsuit or that arise from or are related to the facts alleged in the Lawsuit. When claims are "released," that means that a person covered by the release cannot sue the Released Parties for any of the claims that are covered by the Release. The exact terms of the release in the Settlement Agreement are as follows:

> **"Released Parties"** means RBS Citizens, N.A.; Citizens Financial Group, Inc.; Citizens Bank of Pennsylvania, their parents, divisions, affiliates, subsidiaries, predecessors, successors, directors, partners, principals, officers, members, fiduciaries, trustees, insurers, employees, attorneys, and agents.

> **Release**. Upon the Effective Date, and except as to such rights or claims as may be created by this Stipulation of Settlement, each Class Member who has not submitted a valid and timely Request for Exclusion Form on their behalf as set forth in Section 13(i), and on behalf of their respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge the Released Parties and their present and former officers, directors, members, managers, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them, ("Releasees") from any and all Wage and Hour Claims, claims, debts, wages, overtime, commission, losses, demands, obligations, liabilities, penalties, liquidated damages, causes of action, charges, grievances, complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected, from the date of the earliest statute of limitations until the Preliminary Approval Date, for violations of any federal,

state or local wage and hour law, for the failure to provide wages and/or overtime pay, liquidated damages, any other penalties, and any other claims whatsoever alleged or that could have been made based upon the facts alleged in the complaints in any of the Wage-Hour Lawsuits, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, overtime, penalties of any nature whatsoever, other compensation or benefits including 401(k) benefits or matching benefits, retirement or deferred compensation benefits claims on account of unpaid wages and/or overtime, attorneys' fees and costs, whether known or unknown, arising from the Class Members' employment by Defendants.  In addition, each Class Member who has not properly excluded themselves from the Settlement pursuant to Section 13(i) above forever agrees not to institute or receive any other relief from any other suit or, administrative claim or other claim of any sort or nature whatsoever against the Released Parties, up to and including the date of preliminary approval of this Settlement, relating to the claims being settled herein.  In addition, the Class Members who have not properly excluded themselves from the Settlement pursuant to Section 13(i) above forever agree that they shall not institute, nor accept any other relief from, any other suit, administrative claim or other claim or proceeding of any sort or nature whatsoever against the Released Parties, relating to the claims being released herein for any period up to and including the Preliminary Approval Date.

## 6.  How do I exclude myself from this settlement?

You will release your legal claims, as described in Section 5 above, unless you specifically exclude yourself from this settlement. If you exclude yourself, you will not waive any legal claims, and you will preserve your right to sue Citizens on your own for alleged violations of the wage/overtime laws.  If you exclude yourself from the settlement, you will not receive the payment described above.

To exclude yourself from the settlement, you must complete, sign and return the attached green "Request for Exclusion from Class Settlement" form to the Claims Administrator.  You must mail the request for exclusion to [*insert* Claims Administrator address], by First Class U.S. mail or equivalent, postage paid, postmarked on or before [*insert* date].  To be valid, the request for exclusion must be signed by you.  No Class Member may submit a request for exclusion through an agent or attorney or on behalf on another Class Member.

## 7.  Fairness Hearings and Objections?

The Federal Judge presiding over this Lawsuit will conduct a Final Fairness Hearing at _____ [a.m./p.m.] on [*insert date*] in Courtroom __ of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201. At this hearing, the Judge will decide whether the settlement is sufficiently fair and reasonable to warrant final court approval.  You are not required or expected to attend the Fairness Hearing. However, you are welcome to attend at your own expense.

If you wish to object to the proposed settlement, you must submit a written objection to the Claims Administrator, [*insert address*]. The envelope containing your written objection must be postmarked by [*insert date*]. Your written objection must include your name, your address, a statement describing the reasons for your objection, and any other documents you believe the Judge should consider in evaluating the settlement's fairness.

If you return a written objection, the Judge will consider your objection whether or not you attend the Fairness Hearing. If you intend to personally attend and speak during the hearing you should clearly indicate this in your written objection.

| **8.   Are there more details about the settlement?  Questions?** |
|---|

Yes. This Notice summarizes the most important aspects of the proposed settlement. You can get a copy of the written Settlement Agreement by calling the Claims Administrator at [*insert phone number*].

Likewise, please call the Claims Administrator at [*insert phone number*] if you have any questions regarding this Notice.

PLEASE DO NOT CALL THE COURT OR THE CLERK ABOUT THIS SETTLEMENT.

| **7.   Do I have an attorney in this case?** |
|---|

The Court has designated Brendan J. Donelon of Donelon, P.C. (Kansas City, MO) and Peter Winebrake of Winebrake & Santillo, LLC (Dresher, PA) as Class Counsel.  Citizens is represented by Elise M. Bloom and Mark W. Batten of Proskauer Rose LLP (New York, NY and Boston, MA).

You also have the right to get your own attorney at your own expense.

Date: [*insert date*]                              Approved as to Form and Content:

                                                                  Hon. Frederic Block
                                                                  Senior District Judge
                                                                  United States District Court for the Eastern District of New York

*Cuevas, et al. v. Citizens Financial Group, Inc. et al,* **No.10·cv-5582 (U.S.D.C. E.D.N.Y.)**

## CLASS MEMBER CLAIM FORM

[*insert* Class Member Name / address ]

**SUBMIT THIS FORM IF YOU WISH TO RECEIVE PAYMENT UNDER THIS SETTLEMENT AND RELEASE YOUR CLAIMS AGAINST CITIZENS**

* * *

In order to receive your portion of the settlement funds as set forth in the attached notice, you MUST sign, date and return this Class Member Claim Form. THE CLASS MEMBER CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [*insert date*].  Any Class Member Claim Form that is not submitted by First Class Mail or the equivalent, is not postmarked after [*insert date*], is not addressed to the proper address, or is not signed and dated by the Class Member under penalty of perjury will <u>not</u> constitute a valid claim and payment will be denied unless otherwise ordered by the Court. For more information on the Settlement and how your share of the settlement funds will be calculated, as well as your rights in connection with the Settlement, please see the attached Notice.

By signing, dating and returning the Class Member Claim Form, you are consenting to become a party to this Lawsuit and agreeing to the release of claims set forth below.

The Class Member Claim Form must be sent to the following address (See enclosed addressed pre-paid envelope):

[*insert* Claims Administrator Address]

BE SURE TO MAKE A COPY OF THE SIGNED CLAIM FORM FOR YOUR RECORDS.

Changes of Address: It is *your responsibility* to keep a current address on file with the Claims Administrator. This is the address that will be used to mail any distribution from the Settlement. Please make sure to notify the Claims Administrator of any change of address.

By signing below, and accepting benefits under the Settlement Agreement, I, on behalf of my current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge the Released Parties, as defined in the attached Notice, and their present and former officers, directors, members, managers, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them, ("Releasees") from any and all Wage and Hour Claims, claims, debts, wages, overtime, commission, losses, demands, obligations, liabilities, penalties, liquidated damages, causes of action, charges, grievances, complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected, from the date of the earliest statute of limitations until the **[***insert* **Preliminary Approval Date]**, for violations of any federal, state or local wage and hour law, for the failure to provide wages and/or overtime pay, liquidated damages, any other penalties, and any other claims whatsoever alleged or that could have been made based upon the facts alleged in the Complaint in the Action, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, overtime, penalties of any nature whatsoever, other compensation or benefits including 401(k) benefits or matching benefits, retirement or deferred compensation benefits claims on account of unpaid wages and/or overtime, attorneys' fees and costs, whether known or unknown, arising from my employment by Defendants.  In addition, I forever agree not to institute or receive any other relief from any other suit or, administrative claim or other claim of any sort or nature whatsoever against the Released Parties, as defined in the attached Notice, up to and including [***insert***

**Preliminary Approval Date],** relating to the claims being settled herein.  In addition, I forever agree that I shall not institute, nor accept any other relief from, any other suit, administrative claim or other claim or proceeding of any sort or nature whatsoever against the Released Parties, as defined in the attached Notice, relating to the claims being released herein for any period up to and including [*insert* **Preliminary Approval Date].**

I verify that I have not assigned any of the claims described above.

       I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

       Date: _____, 201\_

_____

**Signature**

_____

**Print Name**

*Cuevas, et al. v. Citizens Financial Group, Inc. et al,* **No.10·cv-5582 (U.S.D.C. E.D.N.Y.)**

## REQUEST FOR EXCLUSION FROM CLASS ACTION SETTLEMENT

\* \* \*

**SUBMIT THIS FORM ONLY IF YOU DO NOT WISH TO REMAIN A CLASS MEMBER.
IF YOU SUBMIT THIS FORM, YOU WILL NOT BE LEIGBLE TO RECEIVE
ANY MONEY FROM THIS SETTLEMENT.**

\* \* \*

[*insert* class member name / address]

_____
Signature

I wish to exclude myself from, or opt out of, the Class Settlement reached in *Cuevas, et al. v. Citizens Financial Group, Inc. et al,* No.10·cv-5582 (U.S.D.C. E.D.N.Y.).  I understand that by opting out, I will be excluded from the Class Settlement and will receive no money from the Settlement.  I understand that if I opt out, I may bring a separate lawsuit.  I understand that in any separate lawsuit, it is possible that I may receive nothing or less than I would have received if I had filed a claim under the settlement in this Lawsuit.  I understand that any separate lawsuit by me will be undertaken at my own expense and at my own risk.  I understand that counsel for the Class Members will not represent my interests if I opt out.

SEND TO THE CLAIMS ADMINISTRATOR AT:

[*insert* Claims Administrator address]

THIS FORM MUST BE MAILED BY U.S. FIRST CLASS MAIL, POSTMARKED NO LATER THAN:

_____, 201_

KEEP A COPY OF THIS FORM FOR YOUR RECORDS.  YOU MAY WISH TO REQUEST A RETURN
RECEIPT FROM THIS POST OFFICE

# Exhibit C

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

**Notice of Class Action Settlement for**
**Current and Former <u>Assistant Branch Managers</u> working at [*Insert* Citizens Bank/Charter One Bank]**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

***PLEASE READ THIS NOTICE CAREFULLY.***

| 1.   Why did I get this notice package? |
| --- |

Records indicate that you were employed by RBS Citizens, N.A. and/or Citizens Financial Group, Inc. (hereafter "Citizens") as an Assistant Branch Manager ("ABM") and that you have previously completed a consent to become party plaintiff form and joined a lawsuit against Citizens to collect overtime pay.  A number of class actions involving Citizens' ABMs, including the one you previously joined, have recently been consolidated for settlement purposes into the following case: ***Cuevas, et al. v. Citizens Financial Group, Inc. et al, No. 10-cv-5582 (U.S.D.C. E.D.N.Y.)*** (hereafter "the Lawsuit"). The Lawsuit is overseen by the United States District Court in Brooklyn, NY.

The Lawsuit has been settled. You are receiving this Notice because you are a Class Member covered by the settlement. This Notice describes the settlement and describes how you can obtain a money recovery from the settlement.

| 2.   What is this lawsuit about and why did it settle? |
| --- |

The Lawsuit, which has been actively litigated for over three years, alleges that Citizens violated wage and hour laws by failing to pay ABMs and hourly employees extra overtime pay for hours worked over 40 per week. Citizens denies violating any laws and contends that its employees are properly paid overtime.

Even though Citizens has a strong defense to the Lawsuit, it has decided to settle. The settlement enables Citizens to dedicate its time and resources to ongoing business operations and, as such, benefits its employees and clients.

Likewise, the employees' attorneys, who are referred to as "Class Counsel," believe the settlement greatly benefits the ABM and hourly class members. Settlement enables the ABM and hourly class members to avoid the risk that Citizens will win the lawsuit, in which case ABMs will recover nothing. Settlement also enables ABM class members to recover money without further delay.

The parties' attorneys negotiated the settlement after years of litigation that has enabled each side to understand the risks of proceeding with adversarial litigation. Class Counsel believe the proposed settlement is fair and serves best interest of the ABM class members. The Federal Judge overseeing the Lawsuit has "preliminarily approved" the settlement as fair. The Federal Judge will make his final decision regarding the settlement's fairness at the hearing described in Section 7 below.

| 3.   What does the settlement provide and how much will I be paid? |
| --- |

Under this settlement, your individual payment will be approximately $_____.  One-half of your settlement amount will be paid in the form of a payroll check from which all ordinary payroll taxes and withholdings will be deducted. This payment will be reported on an IRS Form W2 issued at the end of the tax year. The other half of your settlement amount will be paid in the form of a non-payroll check from which no payroll taxes or

withholdings will be deducted. This payment will be reported on an IRS Form 1099 issued at the end of the tax year.

The Lawsuit's settlement fund is an amount up to $11,501,500. From this settlement fund, Class Counsel will seek to recover out-of-pocket expenditures totaling $527,561.39 and attorney's fees equaling approximately $3,657,979.54 (representing 1/3 of the settlement fund after expenses). The settlement fund also will be reduced by $129,000 in service payments to be divided among the 46 persons who initiated the Lawsuit or testified during the litigation.

The remaining $7,186,959.07 of the Lawsuit's settlement fund is dedicated to payments to ABM and hourly employee class members who return a Claim Form and indicate that they want to receive a payment. Your settlement payment represents your *pro rata* share based on the amount of compensation paid to you as an ABM during the time period relevant to the Lawsuit compared to the compensation paid to other ABM class members during the relevant time period.

## 4.  How can I receive my payment?

In order to receive your payment, you must complete and return the attached pink "Claim Form" (preferably in the enclosed postage-paid envelope). **The envelope must be post-marked by[*insert date*].**

If the federal court approves the settlement, the Claims Administrator will send your payment directly to you at the address indicated on the Claim Form. The parties are hopeful that the settlement checks will be issued in the First Quarter of 2014.

## 5.  What Happens If I don't Complete a Claim Form to Receive My Payment?

If you fail to complete the enclosed pink Claim Form as set forth in this notice, you will not receive any payment under this settlement, but you will release your claims as described in section 6.

## 6.  What am I giving up as a Class member?

If the Court grants final approval of the Settlement, the Lawsuit will be dismissed with prejudice, and you will fully release and discharge Citizens from any and all claims that are asserted in the Lawsuit or that arise from or are related to the facts alleged in the Lawsuit.  When claims are "released," that means that a person covered by the release cannot ever sue the Released Parties for any of the claims that are covered by the Release. The exact terms of the release in the Settlement Agreement are as follows:

> **"Released Parties"** means RBS Citizens, N.A.; Citizens Financial Group, Inc.; Citizens Bank of Pennsylvania, their parents, divisions, affiliates, subsidiaries, predecessors, successors, directors, partners, principals, officers, members, fiduciaries, trustees, insurers, employees, attorneys, and agents.

> **Release**.  Upon the Effective Date, and except as to such rights or claims as may be created by this Stipulation of Settlement, each Class Member who has not submitted a valid and timely Request for Exclusion Form on their behalf as set forth in Section 13(i), and on behalf of their respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge the Released Parties and their present and former officers, directors, members, managers, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them, ("Releasees") from

any and all Wage and Hour Claims, claims, debts, wages, overtime, commission, losses, demands, obligations, liabilities, penalties, liquidated damages, causes of action, charges, grievances, complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected, from the date of the earliest statute of limitations until the Preliminary Approval Date, for violations of any federal, state or local wage and hour law, for the failure to provide wages and/or overtime pay, liquidated damages, any other penalties, and any other claims whatsoever alleged or that could have been made based upon the facts alleged in the complaints in any of the Wage-Hour Lawsuits, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, overtime, penalties of any nature whatsoever, other compensation or benefits including 401(k) benefits or matching benefits, retirement or deferred compensation benefits claims on account of unpaid wages and/or overtime, attorneys' fees and costs, whether known or unknown, arising from the Class Members' employment by Defendants.  In addition, each Class Member who has not properly excluded themselves from the Settlement pursuant to Section 13(i) above forever agrees not to institute or receive any other relief from any other suit or, administrative claim or other claim of any sort or nature whatsoever against the Released Parties, up to and including the date of preliminary approval of this Settlement, relating to the claims being settled herein.  In addition, the Class Members who have not properly excluded themselves from the Settlement pursuant to Section 13(i) above forever agree that they shall not institute, nor accept any other relief from, any other suit, administrative claim or other claim or proceeding of any sort or nature whatsoever against the Released Parties, relating to the claims being released herein for any period up to and including the Preliminary Approval Date.

---

**7.   Are there more details about the settlement?  Questions?**

---

Yes. This Notice summarizes the most important aspects of the proposed settlement. You can get a copy of the written Settlement Agreement by calling the Claims Administrator at [*insert phone number*].

Likewise, please call the Claims Administrator at [*insert phone number*] if you have any questions regarding this Notice.

PLEASE DO NOT CALL THE COURT OR THE CLERK ABOUT THIS SETTLEMENT.

---

**8.   Do I have an attorney in this case?**

---

The Court has designated Brendan J. Donelon of Donelon, P.C. (Kansas City, MO) and Peter Winebrake of Winebrake & Santillo, LLC (Dresher, PA) as Class Counsel.  Citizens is represented by Elise M. Bloom and Mark W. Batten of Proskauer Rose LLP (New York, NY and Boston, MA).

You also have the right to get your own attorney at your own expense.

Date: [*insert date*]                              Approved as to Form and Content:

                                                             Hon. Frederic Block
                                                             Senior District Judge
                                                             United States District Court for the Eastern District of New York

*Cuevas, et al. v. Citizens Financial Group, Inc. et al*, **No.10·cv-5582 (U.S.D.C. E.D.N.Y.)**

### CLASS MEMBER CLAIM FORM

[*insert* Class Member Name / address ]

### SUBMIT THIS FORM IF YOU WISH TO RECEIVE PAYMENT UNDER THIS SETTLEMENT

* * *

In order to receive your portion of the settlement funds as set forth in the attached notice, you MUST sign, date and return this Class Member Claim Form. THE CLASS MEMBER CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [*insert date*].  Any Class Member Claim Form that is not submitted by First Class Mail or the equivalent, is not postmarked after [*insert date*], is not addressed to the proper address, or is not signed and dated by the Class Member under penalty of perjury will <u>not</u> constitute a valid claim and payment will be denied unless otherwise ordered by the Court. For more information on the Settlement and how your share of the settlement funds will be calculated, as well as your rights in connection with the Settlement, please see the attached Notice.

By signing, dating and returning the Class Member Claim Form, you are agreeing to the release of claims set forth below.

The Class Member Claim Form must be sent to the following address (See enclosed addressed pre-paid envelope):

[*insert* Claims Administrator Address]

BE SURE TO MAKE A COPY OF THE SIGNED CLAIM FORM FOR YOUR RECORDS.

Changes of Address: It is *your responsibility* to keep a current address on file with the Claims Administrator. This is the address that will be used to mail any distribution from the Settlement. Please make sure to notify the Claims Administrator of any change of address.

By signing below, and accepting benefits under the Settlement Agreement, I, on behalf of my current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge the Released Parties, as defined in the attached Notice, and their present and former officers, directors, members, managers, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them, ("Releasees") from any and all Wage and Hour Claims, claims, debts, wages, overtime, commission, losses, demands, obligations, liabilities, penalties, liquidated damages, causes of action, charges, grievances, complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected, from the date of the earliest statute of limitations until the **[*insert* Preliminary Approval Date]**, for violations of any federal, state or local wage and hour law, for the failure to provide wages and/or overtime pay, liquidated damages, any other penalties, and any other claims whatsoever alleged or that could have been made based upon the facts alleged in the Complaint in the Action, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, overtime, penalties of any nature whatsoever, other compensation or benefits including 401(k) benefits or matching benefits, retirement or deferred compensation benefits claims on account of unpaid wages and/or overtime, attorneys' fees and costs, whether known or unknown, arising from my employment by Defendants.  In addition, I forever agree not to institute or receive any other relief from any other suit or, administrative claim or other claim of any sort or nature whatsoever against the Released Parties, as defined in the attached Notice, up to and including **[*insert* Preliminary Approval Date],** relating to the claims being settled herein.  In addition, I forever agree that I

shall not institute, nor accept any other relief from, any other suit, administrative claim or other claim or proceeding of any sort or nature whatsoever against the Released Parties, as defined in the attached Notice, relating to the claims being released herein for any period up to and including [*insert* **Preliminary Approval Date].**

I verify that I have not assigned any of the claims described above.

      I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

      Date: _____, 201\_

_____
**Signature**

_____
**Print Name**

# Exhibit D

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

**Notice of Class Action Settlement for**
**Current and Former <u>Hourly Employees</u> working at [*Insert* Citizens Bank/Charter One Bank]**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

***PLEASE READ THIS NOTICE CAREFULLY.***

| 1.   Why did I get this notice package? |
|---|

Records indicate that you were employed by RBS Citizens, N.A. and/or Citizens Financial Group, Inc. (hereafter "Citizens") as an Hourly Employee at one of Citizens bank branches and that you have previously completed a consent to become party plaintiff form and joined a lawsuit against Citizens to collect overtime pay.  A number of class actions involving Citizens' Hourly Employees, including the one you previously joined, have recently been consolidated for settlement purposes into the following case: *Cuevas, et al. v. Citizens Financial Group, Inc. et al,* **No. 10-cv-5582 (U.S.D.C. E.D.N.Y.)** (hereafter "the Lawsuit"). The Lawsuit is overseen by the United States District Court in Brooklyn, NY.

The Lawsuit has been settled. You are receiving this Notice because you are a Class Member covered by the settlement. This Notice describes the settlement and describes how you can obtain a money recovery from the settlement.

| 2.   What is this lawsuit about and why did it settle? |
|---|

The Lawsuit, which has been actively litigated for over three years, alleges that Citizens violated wage and hour laws by failing to pay hourly employees and assistant branch managers extra overtime pay for hours worked over 40 per week. Citizens denies violating any laws and contends that its employees are properly paid overtime.

Even though Citizens has a strong defense to the Lawsuit, it has decided to settle. The settlement enables Citizens to dedicate its time and resources to ongoing business operations and, as such, benefits its employees and clients.

Likewise, the employees' attorneys, who are referred to as "Class Counsel," believe the settlement greatly benefits the Hourly Employee and assistant branch manager class members. Settlement enables the hourly class members to avoid the risk that Citizens will win the lawsuit, in which case hourly class members will recover nothing. Settlement also enables hourly class members to recover money without further delay.

The parties' attorneys negotiated the settlement after years of litigation that has enabled each side to understand the risks of proceeding with adversarial litigation. Class Counsel believe the proposed settlement is fair and serves best interest of the hourly class members. The Federal Judge overseeing the Lawsuit has "preliminarily approved" the settlement as fair. The Federal Judge will make his final decision regarding the settlement's fairness at the hearing described in Section 7 below.

| 3.   What does the settlement provide and how much will I be paid? |
|---|

Under this settlement, your individual payment will be approximately $_____.  One-half of your settlement amount will be paid in the form of a payroll check from which all ordinary payroll taxes and withholdings will be deducted. This payment will be reported on an IRS Form W2 issued at the end of the tax year. The other

half of your settlement amount will be paid in the form of a non-payroll check from which no payroll taxes or withholdings will be deducted. This payment will be reported on an IRS Form 1099 issued at the end of the tax year.

The Lawsuit's settlement fund is an amount up to $11,501,500.  From this settlement fund, Class Counsel will seek to recover out-of-pocket expenditures totaling $527,561.39 and attorney's fees equaling approximately $3,657,979.54 (representing 1/3 of the settlement fund after expenses). The settlement fund also will be reduced by $129,000 in service payments to be divided among the 46 persons who initiated the Lawsuit or testified during the litigation.

The remaining $7,186,959.07 of the Lawsuit's settlement fund is dedicated to payments to hourly employee and assistant branch manager class members who return a Claim Form and indicate that they want to receive a payment. Your settlement payment represents your *pro rata* share based on the amount of compensation paid to you as an hourly employee during the time period relevant to the Lawsuit compared to the compensation paid to other hourly employee class members during the relevant time period.

| **4.   How can I receive my payment?** |
| --- |

In order to receive your payment, you must complete and return the attached pink "Claim Form" (preferably in the enclosed postage-paid envelope). **The envelope must be post-marked by[*insert date*].**

If the federal court approves the settlement, the Claims Administrator will send your payment directly to you at the address indicated on the Claim Form. The parties are hopeful that the settlement checks will be issued in the First Quarter of 2014.

| **5.   What Happens If I don't Complete a Claim Form to Receive My Payment?** |
| --- |

If you fail to complete the enclosed pink Claim Form as set forth in this notice, you will not receive any payment under this settlement, but you will release your claims as described in section 6.

| **6.   What am I giving up as a Class member?** |
| --- |

If the Court grants final approval of the Settlement, the Lawsuit will be dismissed with prejudice, and you will fully release and discharge Citizens from any and all claims that are asserted in the Lawsuit or that arise from or are related to the facts alleged in the Lawsuit.  When claims are "released," that means that a person covered by the release cannot sue the Released Parties for any of the claims that are covered by the Release. The exact terms of the release in the Settlement Agreement are as follows:

> **"Released Parties"** means RBS Citizens, N.A.; Citizens Financial Group, Inc.; Citizens Bank of Pennsylvania, their parents, divisions, affiliates, subsidiaries, predecessors, successors, directors, partners, principals, officers, members, fiduciaries, trustees, insurers, employees, attorneys, and agents.

> **Release**.  Upon the Effective Date, and except as to such rights or claims as may be created by this Stipulation of Settlement, each Class Member who has not submitted a valid and timely Request for Exclusion Form on their behalf as set forth in Section 13(i), and on behalf of their respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge the Released Parties and their present and former officers, directors, members, managers, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of

them, and any individual or entity which could be jointly liable with any of them, ("Releasees") from any and all Wage and Hour Claims, claims, debts, wages, overtime, commission, losses, demands, obligations, liabilities, penalties, liquidated damages, causes of action, charges, grievances, complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected, from the date of the earliest statute of limitations until the Preliminary Approval Date, for violations of any federal, state or local wage and hour law, for the failure to provide wages and/or overtime pay, liquidated damages, any other penalties, and any other claims whatsoever alleged or that could have been made based upon the facts alleged in the complaints in any of the Wage-Hour Lawsuits, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, overtime, penalties of any nature whatsoever, other compensation or benefits including 401(k) benefits or matching benefits, retirement or deferred compensation benefits claims on account of unpaid wages and/or overtime, attorneys' fees and costs, whether known or unknown, arising from the Class Members' employment by Defendants.  In addition, each Class Member who has not properly excluded themselves from the Settlement pursuant to Section 13(i) above forever agrees not to institute or receive any other relief from any other suit or, administrative claim or other claim of any sort or nature whatsoever against the Released Parties, up to and including the date of preliminary approval of this Settlement, relating to the claims being settled herein.  In addition, the Class Members who have not properly excluded themselves from the Settlement pursuant to Section 13(i) above forever agree that they shall not institute, nor accept any other relief from, any other suit, administrative claim or other claim or proceeding of any sort or nature whatsoever against the Released Parties, relating to the claims being released herein for any period up to and including the Preliminary Approval Date.

| **7.   Are there more details about the settlement?  Questions?** |
| --- |

Yes. This Notice summarizes the most important aspects of the proposed settlement. You can get a copy of the written Settlement Agreement by calling the Claims Administrator at [*insert phone number*].

Likewise, please call the Claims Administrator at [*insert phone number*] if you have any questions regarding this Notice.

PLEASE DO NOT CALL THE COURT OR THE CLERK ABOUT THIS SETTLEMENT.

| **8.   Do I have an attorney in this case?** |
| --- |

The Court has designated Brendan J. Donelon of Donelon, P.C. (Kansas City, MO) and Peter Winebrake of Winebrake & Santillo, LLC (Dresher, PA) as Class Counsel.  Citizens is represented by Elise M. Bloom and Mark W. Batten of Proskauer Rose LLP (New York, NY and Boston, MA).

You also have the right to get your own attorney at your own expense.

Date: [*insert date*]                               Approved as to Form and Content:

                                                                 Hon. Frederic Block
                                                                 Senior District Judge
                                                                 United States District Court for the Eastern District of New York

*Cuevas, et al. v. Citizens Financial Group, Inc. et al*, **No.10·cv-5582 (U.S.D.C. E.D.N.Y.)**

## CLASS MEMBER CLAIM FORM

[*insert* Class Member Name / address ]

### SUBMIT THIS FORM IF YOU WISH TO RECEIVE PAYMENT UNDER THIS SETTLEMENT

\* \* \*

In order to receive your portion of the settlement funds as set forth in the attached notice, you MUST sign, date and return this Class Member Claim Form. THE CLASS MEMBER CLAIM FORM MUST BE POSTMARKED ON OR BEFORE [*insert date*].  Any Class Member Claim Form that is not submitted by First Class Mail or the equivalent, is not postmarked after [*insert date*], is not addressed to the proper address, or is not signed and dated by the Class Member under penalty of perjury will <u>not</u> constitute a valid claim and payment will be denied unless otherwise ordered by the Court. For more information on the Settlement and how your share of the settlement funds will be calculated, as well as your rights in connection with the Settlement, please see the attached Notice.

By signing, dating and returning the Class Member Claim Form, you are agreeing to the release of claims set forth below.

The Class Member Claim Form must be sent to the following address (See enclosed addressed pre-paid envelope):

[*insert* Claims Administrator Address]

BE SURE TO MAKE A COPY OF THE SIGNED CLAIM FORM FOR YOUR RECORDS.

Changes of Address: It is *your responsibility* to keep a current address on file with the Claims Administrator. This is the address that will be used to mail any distribution from the Settlement. Please make sure to notify the Claims Administrator of any change of address.

By signing below, and accepting benefits under the Settlement Agreement, I, on behalf of my current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge the Released Parties, as defined in the attached Notice, and their present and former officers, directors, members, managers, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them, ("Releasees") from any and all Wage and Hour Claims, claims, debts, wages, overtime, commission, losses, demands, obligations, liabilities, penalties, liquidated damages, causes of action, charges, grievances, complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected, from the date of the earliest statute of limitations until the **[*insert* Preliminary Approval Date]**, for violations of any federal, state or local wage and hour law, for the failure to provide wages and/or overtime pay, liquidated damages, any other penalties, and any other claims whatsoever alleged or that could have been made based upon the facts alleged in the Complaint in the Action, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, overtime, penalties of any nature whatsoever, other compensation or benefits including 401(k) benefits or matching benefits, retirement or deferred compensation benefits claims on account of unpaid wages and/or overtime, attorneys' fees and costs, whether known or unknown, arising from my employment by Defendants.  In addition, I forever agree not to institute or receive any other relief from any other suit or, administrative claim or other claim of any sort or nature whatsoever against the Released Parties, as defined in the attached Notice, up to and including **[*insert* Preliminary Approval Date],** relating to the claims being settled herein.  In addition, I forever agree that I

shall not institute, nor accept any other relief from, any other suit, administrative claim or other claim or proceeding of any sort or nature whatsoever against the Released Parties, as defined in the attached Notice, relating to the claims being released herein for any period up to and including [*insert* **Preliminary Approval Date**].

I verify that I have not assigned any of the claims described above.

       I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

       Date: _____, 201_

 

 

                                _____
                                **Signature**

 

                                _____
                                **Print Name**

# Exhibit E

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

**Supplemental Notice of Class Action Settlement for
Current and Former <u>Assistant Branch Managers Employees</u>
working at [*Insert* Citizens Bank/Charter One Bank]**

As you know, over the last several years [Citizens/Charter One] has defended itself against claims in several different courts that its Assistant Branch Managers and hourly employees were not paid overtime properly under state and Federal wage and hour laws.  You are receiving this Supplemental Notice because of your current or former job title as an Assistant Branch Manager with [Citizens/Charter One] and because of your assistance in [Citizens'/Charter One's] defense of these claims.  Your testimony and other assistance were helpful to [Citizens/Charter One] in defending these claims, and we are grateful for the time you took to provide a declaration, court testimony, or otherwise to participate in that defense.

[Citizens/Charter One] denies the claims in the lawsuit and believes that it has a strong defense.  In fact, a Pittsburgh jury, after a three-week trial, agreed with us and returned a verdict in our favor.  However, [Citizens/Charter One] has reached an agreement to settle all of the cases so as to devote our time and resources to our business instead of litigation, which we believe will benefit our employees and customers.  You should have received a prior Notice in the mail of the settlement with instructions on how to submit a claim to receive a payment from the settlement fund.

At some point, you may have been given an option to join one of these lawsuits, and you have chosen not to do so.  However, your current or former job title as an Assistant Branch Manager with [Citizens/Charter One] and the nature of the multiple lawsuits filed against [Citizens/Charter One] nevertheless make you eligible to receive a payment from the settlement fund.  Colleagues, such as yourself, who assisted [Citizens/Charter One] in its defense, are no less entitled to participate in the settlement than any other colleague.  Given that [Citizens/Charter One] has now settled all of these related claims, this Supplemental Notice is meant to encourage you to submit a claim form and collect a share of the settlement, whether or not you believe that the claims were valid.

Please read the attached Notice carefully, including the section instructing you on how to submit a claim to receive payment and the section informing you of what potential claims against [Citizens/Charter One] you are releasing by submitting a claim.  If you have any questions, please contact [*insert* Citizens legal department contact person and phone number] or the Claims Administrator at [*insert* phone number].

# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| ALBERONYS CUEVAS, on behalf of himself and other similarly situated employees, | : : : |
| Plaintiff, | : CIVIL ACTION : NO. CV-10-5582 : |
| v. | : : |
| CITIZENS FINANCIAL GROUP, INC., and RBS CITIZENS, N.A. (d/b/a Citizens Bank), | : : |
| Defendants. | : : |

---

## ORDER DETERMINING GOOD FAITH AND GRANTING PRELIMINARY APPROVAL OF SETTLEMENT STIPULATION

The Court now takes up the *Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement Stipulation.* After review of said Motion and the supporting memorandum, the Court hereby finds as follows:

A.     On [*insert date of filing*], the Named Plaintiffs Synthia Ross, James Kapsa, Alberonys Cuevas, Justin Bell, Keith Costanza, John DePaolantonio, Kevin Martin, Mary Ryan, Christine Lyons, and Christine Watson and Defendants Citizens Financial Group, Inc.; RBS Citizens, N.A.; and Citizens Bank of Pennsylvania, by their respective counsel of record, filed with this Court a Settlement Stipulation ("Settlement").

B.     Including the above captioned matter, this Settlement applies six class or collective action cases. The following five cases were recently transferred to the Eastern District of New York, assigned new cases numbers, and on July 30, 2013 consolidated with the above captioned matter in order to facilitate this Settlement: ***Ross, et al. v. RBS Citizens, N.A., et al.*** (E.D.N. Y. No. 13-cv-4226-FB-RML) (hereinafter "*Ross*"); ***Martin, et al. v. Citizens Financial Group, Inc., et al.*** (E.D.N.Y. No. 13-3871-FB-RML) (hereinafter "*Martin*"); ***Bell, et al. v.***

1

*Citizens Financial Group Inc., et al.* (E.D.N.Y. No. 13-cv-4073-FB-RML) (hereinafter "*Bell*");
*Lyons, et al v. Citizens Financial Group, Inc., et al.* (E.D.N.Y No. 13-cv-3919-FB-RML)
(hereinafter "*Lyons*"); and *Watson v. Citizens Bank of Pennsylvania* (E.D.N.Y. No. 13-cv-3917-
FB-RML) (hereinafter "*Watson*"); all of which are referred to as the "Wage-Hour Lawsuits."

      C.      The Fed. R. Civ. P. 23 class claims asserted in *Ross* and *Lyons* had been granted
certification by the transferring courts, although the *Ross* certification was under review in the
U.S. Court of Appeals for the Seventh Circuit. Class representatives Synthia Ross and James
Kapsa were appointed in *Ross* and Christine Lyons in *Lyons*. The law offices of Donelon, P.C.
and Winebrake & Santillo, LLC were appointed as class counsel in both matters.

      D.      The collective claims brought under§ 216(b) of the Fair Labor Standards Act
("FLSA") asserted in *Ross*, *Bell* and *Martin* were granted conditional certification from the
transferee courts. The collective class members in those matters have been identified through a
notice and consent to join process. *Martin* was later decertified by a decision dated March 27,
2013 and the *Bell* class lost a jury trial in the Eastern District of Pennsylvania on April 19, 2013.

      E.      In their Unopposed Motion for Preliminary Approval of Settlement Stipulation,
the Plaintiffs are seeking Rule 23 conditional certification for settlement purposes for the classes
of employees identified in *Cuevas*, *Watson* and *Ross*.

      F.      This Court has duly considered all of the submissions presented with respect to
the Settlement.

      G.      All capitalized terms in this Order Determining Good Faith and Granting
Preliminary Approval of Settlement Stipulation with respect to the Settlement that are not
otherwise defined have the same meaning as in the Settlement Stipulation document submitted
by the parties.

      NOW THEREFORE, after due deliberation and for good cause, this Court hereby
ORDERS that:

1.      For the reasons set forth in the Memorandum in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement Stipulation, this Court finds that the numerosity, commonality, typicality, and adequacy elements under Rule 23(a) regarding the *Cuevas* and *Watson* matters have been met warranting preliminary certification. The same would also apply to the predominance and superiority elements under Rule 23(b)(3) for both cases. In turn, Alberonys Cuevas is appointed as class representative for the following class of employees in the *Cuevas* matter:

> All Assistant Branch Managers employed at Defendants' Citizens Bank retail branches in New York during any workweek since December 2, 2004 who were paid a salary and classified by Defendants as exempt from the New York Labor Law's overtime pay mandates

Christine Watson is appointed as class representative for the following class of employees in the *Watson* matter:

> All residents of the Commonwealth of Pennsylvania who were employed by Defendant as Assistant Branch Managers at Citizens Bank retail branches in Pennsylvania during any workweek since April 29, 2008, who were paid a salary and classified by Defendant as exempt from the Pennsylvania Minimum Wage Act's overtime pay mandates.

The law offices of Donelon, P.C. and Wine brake & Santillo, LLC are appointed as class counsel in both the *Cuevas* and *Watson* matters.

2.      The Settlement Stipulation is fair, reasonable and adequate. It is in the best interests of the Settlement Classes and should be preliminarily approved. This is true especially in the light of the benefits to the Settlement Classes accruing therefrom, the substantial discovery and investigation conducted by Class Counsel prior to the proposed Settlement, and the complexity, expense, risks and probable protracted duration of further litigation.

3.      The Court has reviewed the terms and conditions of the parties' Settlement Stipulation, including the monetary relief provisions, the plan of allocation, the release of claims, and the parties' detailed description of the settlement regarding the claims regarding the Settlement Classes. Based on these papers and the Court's familiarity with this case, the Court

finds that the proposed Settlement Stipulation is the result of extensive, arms-length negotiations between the parties after Class Counsel and Defendants' counsel had fully investigated the claims and become familiar with the strengths and weaknesses of Named Plaintiffs' claims. The assistance of an experience mediator, Michael Dickstein, Esq., and the length of the mediation process confirms that the settlement is not collusive. Based on all these factors, the Court finds that the proposed settlement has no obvious defects and is within the range of possible settlement approval such that notice to the Settlement Classes as set forth in the Settlement is appropriate.

4.      For purposes of the Settlement, this Court certifies that the class representatives and counsel designated by the transferee courts in Ross and Lyons remain in effect, and that Alberonys Cuevas is appointed class representative in the *Cuevas* matter and Christine Lyons is appointed class representative in the *Lyons* matter.

5.      For purposes of the Settlement, this Court approves Donelon, P.C. and Winebrake & Santillo, LLC as Class Counsel for all Settlement Classes.

6.      For purposes of the Settlement, the Court approves Class Action Administration, Inc. as the Claims Administrator.

7.      The Notice Forms and Claims Forms attached as Exhibits to the Settlement Stipulation fully and accurately inform the Class Members of all material elements of the action and the proposed Settlement.

8.      Regarding the Rule 23 classes in *Ross*, *Lyons*, *Cuevas* and *Watson*, the Court finds that the Settlement satisfies all the requirements for certification under Rule 23(a) and 23(b)(3) for each respective class. Specifically, the classes are sufficiently numerous that joinder is impracticable. The members of each class share common issues of fact and law. The Named Plaintiffs for each class have claims that are typical of those of their respective classes since they arise out of the same policies and practices and course of conduct of which all class members complain. The Named Plaintiffs are an adequate representative of their respective classes since their interests are co-extensive with those of the class members and are not in conflict with them.

Named Plaintiffs have also retained experienced counsel to represent the classes. Questions of law and fact common to the class predominate over individualized issues, and class treatment is a superior way to fairly and efficiently adjudicate this controversy.

9.      The Notice Forms regarding the *Ross*, *Cuevas*, *Lyons*, and *Watson* Rule 23 classes also advises these Class Members of their right to not participate in the Settlement and informs them of their right to assert an objection at a "fairness hearing" to be held before this Court. These Class Members must exercise their right to opt-out of the Settlement within 60 days of the mailing of the Class Notice.

10.     The parties propose to disseminate Class Notices for all Class Members via first class mail to the last known addresses of all Class Members. This Court finds that the form of method of disseminating the Class Notices to the Class Members, as provided in the Settlement, is the best notice practicable under the circumstances and fully meets the requirements of applicable federal and state law.

11.     The Court also finds that the proposed form and content of the Claim Forms fully comport with the requirements of applicable federal and state law.

12.     Based on the foregoing, the proposed Class Notices and Claim Forms attached as Exhibits A through E to the Settlement are hereby approved by the Court.

13.     The Court has also reviewed the Defendants' proposed notice to its current employees that are Class Members. Class Counsel has reviewed this notice as well and does not have any objections. Therefore, the Court also approves the dissemination of this notice by the Defendants to its Class Member employees.

14.     Within twenty-eight (28) days after entry of this Order, the Claims Administrator shall mail the Notice Packages by first class mail to the last known addresses of each Class Member.

15.     The Court schedules a fairness hearing on _____,2014, at __ [a.m./p.m.] to address: (a) whether the proposed Settlement Stipulation should be finally approved as fair, reasonable, and adequate as to the Class Members; and (b) Class Counsel's application for attorneys' fees and expenses.

16.     The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Preliminary Order of Approval.

Dated this _____ day of _____, 2013. SO ORDERED:
Brooklyn, New York

_____
Hon. Frederic Block
Senior United States District Judge

# Exhibit G

## RBS Citizens, N.A. Class Action Settlement

Our records show that you are a current or former employee of RBS Citizens, N.A. (d/b/a Citizens Bank or Charter One Bank).  You are eligible to participate in a class action settlement for alleged violations of wage and hour laws.  A notice of this lawsuit and claim form were mailed to you on _____. To date, you have not responded.   The postmarked deadline for mailing the claim form required to participate in the settlement is:

**_____, 201_**

If you do not complete and timely return the claim form that was mailed to you , you <u>will not</u> be allowed to participate in this settlement.

For more information about the case, or to get another copy of the notice and claim form, you can call _____ toll-free at _____.

**RBS Citizens, N.A. Class Administrator**
c/o Class Action Administration, Inc.
PO Box 6877
Broomfield, CO 80021

| Important Legal Notice |

PRESORTED
FIRST CLASS MAIL

U.S. POSTAGE
PAID
DENVER, CO